

**Office of the County Attorney**

**John M. Nonna**
**County Attorney**

March 9, 2022

VIA ECF

Hon. Philip M. Halpern, U.S.D.J.
Charles L. Brieant Federal Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

      Re:    *Delux Public Charter, LLC, et al., v. County of Westchester, et al.,* 22-cv-01930

Dear Judge Halpern:

      I represent the County of Westchester in the above-captioned action, and respectfully submit this letter in response to Plaintiffs' letter request (ECF No. 20) for a pre-motion conference regarding their proposed Order to Show Cause.

      As an initial matter, although Westchester is available at all of the times and dates proposed by Plaintiffs, we have a strong preference for March 16th or later so that the County Attorney, John Nonna, may attend. Moreover, although this Office does not represent defendant Avports or Ms. Gasparri, Plaintiffs are correct that they are both merely agents of the County in this matter; Westchester's position is that their attendance at any hearing (and indeed, their presence on the docket) is unnecessary.

      Regarding the requested OSC, please note that on Monday, March 7th, nine hours and twenty-five minutes ***before*** Plaintiffs filed their federal complaint, Westchester initiated its own action in State Supreme Court, *County of Westchester v. Blade Urban Air Mobility, Inc.*, Index No. 57179/2022 (see attached). The parties to both actions are the same,[1] as are the underlying facts, and the relief sought by the parties are simply mirror images of one another: Westchester seeks to enforce its local law, while the Plaintiffs seek to enjoin enforcement of that same law. Per an Order to Show Cause signed by the Hon. Lewis J. Lubell, J.S.C (also attached), the parties have a hearing at 9:30 am on April 8th regarding Westchester's motion for a preliminary injunction in that state court action. Westchester e-mailed courtesy copes of all of these papers to Plaintiffs' counsel at 7:22 pm Monday evening.

---

[1] Again, Avports and its employee April Gasparri are merely agents of the County in this matter.

Plaintiffs' response to this courtesy was to file, three hours later, the underlying federal action (ECF No. 1); to move for a (competing) preliminary injunction (ECF No. 14); and to seek a temporary restraining order. This was highly improper.

First of all, it is well established that where there are two competing lawsuits, the "first suit should have priority." *Emplrs. Ins. v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). Indeed, there is a strong presumption that a later lawsuit will be dismissed in favor of the first filed lawsuit. *See Adam et al. v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

Second, if Plaintiffs believe that federal court is the proper forum to adjudicate the parties' dispute, there is a specific and settled mechanism for the removal of Westchester's state court action. *See generally* 28 U.S.C. §§ 1446-1448. This mechanism does ***not*** include the filing of a competing action in federal court, a motion for a preliminary injunction, or a TRO.

Westchester can certainly respond to Plaintiffs' motion papers more fully, should the Court so desire, but the suggestion that the parties' dispute over the scope of a local law requires emergency relief from this Court must be dispelled at the outset. The only "imminent harm" Plaintiffs face is the prospect of a preliminary injunction hearing in state court, a month from now. Westchester will not take (and has not taken) any action whatsoever to affect their operations at the County Airport in the interim.

Sincerely,

/s/ ***David H. Chen***
David H. Chen, Esq.
Deputy County Attorney
148 Martine Avenue, Suite 600
White Plains, NY 10601
dhca@westchestergov.com
(914) 995-3616