

**Office of the County Attorney**

**John M. Nonna**
**County Attorney**

March 10, 2022

VIA ECF

Hon. Philip M. Halpern, U.S.D.J.
Charles L. Brieant Federal Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

   Re: *Delux Public Charter, LLC, et al., v. County of Westchester, et al.*, 22-cv-01930

Dear Judge Halpern:

In accordance with yesterday's Court Order (ECF No. 23), and in advance of tomorrow's telephone conference, the County of Westchester respectfully submits this letter supplementing its letter of March 9th. (ECF No. 21.)

### *Duplicative Suits*

Westchester's state court action and Plaintiffs' instant, federal action are almost completely duplicative. Both complaints explain the business model and flights in question, and the local law at issue. Both discuss the federal regulatory framework (although the parties disagree on whether this regulatory framework has any preemptive effect). And both describe the parties' communications over the past six months and Westchester's promulgation of "Policy No. 1" on January 21, 2022.

Westchester's complaint (ECF No. 21-1) seeks declaratory and injunctive relief; Plaintiffs' complaint sets forth three causes of action, each similarly seeking "declaratory and injunctive relief." (ECF No. 1 at 29, 31, 33.) The declarations sought are, as previously noted, mirror images of one another: Westchester seeks an order declaring that its duly-enacted local law applies to Plaintiffs' operations at the County Airport, while Plaintiffs seek an order declaring that Westchester "cannot prohibit [their] operations through local law[.]" (*Id.* at 31.)

The only material differences between the competing actions appear to be that Plaintiffs, unlike Westchester, seek a TRO; and Contour, one of the defendants to the state court action, is not a plaintiff in the instant federal action.[1]

### *Abstention*

Where, as here, federal courts are "faced with a declaratory judgment action and there is a pending action in state court, under *Brillhart/Wilton* they may exercise considerable discretion in deciding whether to stay or dismiss the claims." *Port Auth. of N.Y. & N.J. v. Kraft Power Corp.*, No. 11-cv-5624 (HB), 2012 U.S. Dist. LEXIS 33876, at *5-6 (S.D.N.Y. Mar. 13, 2012); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (Declaratory Judgment Act confers upon federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants"). The rationale underlying *Brillhart/Wilton* abstention is that "[i]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action"—to hold otherwise would create a "wasteful expenditure of judicial resources." *Wilton*, 515 U.S. at 288.

The instant federal action is clearly one for declaratory judgment. As noted, each of Plaintiffs' three causes of action seeks declaratory relief. (*See* ECF No. 1 at 29, 31, 33.) Plaintiffs also note that they seek declaratory relief in their Preliminary Statement (*id.* at ¶ 10), and invoke the jurisdiction of the federal declaratory judgment statute. (*Id.* at ¶ 13.) Abstention thus turns on the various *Brillhart/Wilton* factors, which include:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding . ... (5) avoiding duplicative proceedings; . . . (6) avoiding forum shopping. ... (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law. . . .

*XL Ins. Am., Inc. v DiamondRock Hosp. Co.*, 414 F. Supp. 3d 605, 610 (S.D.N.Y. 2019). Courts have also applied the following factors in this analysis:

---

[1] It is unclear why Contour is not a plaintiff in the federal action; it would appear to be a necessary party insofar as it is a Part 135 operator that partners with XO and Blade "to sell individual seats to the public for flights," the very practice at issue. (ECF No. 1 at ¶¶ 17, 19.) Note that Contour has been served with Westchester's summons and complaint in the state court action, as well as Judge Lubell's order setting forth a briefing schedule and hearing date. (ECF No. 21-2.)

> [(10)] whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; . . . [(11)] whether a judgment would finalize the controversy and offer relief from uncertainty . . . [(12)] whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; [(13)] whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and [(14)] whether there is a better or more effective remedy.

*Dow Jones & Co. v. Harrods Ltd.*, 246 F.3d 357, 359–60 (2d Cir. 2003).

Here, these factors weigh strongly in favor of abstention. The scope of the two actions is, as noted, virtually identical, and the proceedings are largely duplicative. Plaintiffs' primary argument—that federal aviation regulations preempt Westchester's local law—may be asserted in state court; indeed, Westchester even introduced this issue in its state court complaint. The parties' claims can all be addressed in state court (which is perfectly capable of applying federal law); an adverse decision for Westchester in that action would be the functional equivalent of a decision for Plaintiffs in the instant action.

The necessary parties have been joined in the state court action; in contrast, as noted in FN 1, *supra*, Contour is missing from the federal action. *See Argonaut Ins. Co. v. 354 Chauncey Realty LLC*, No. 20-cv-0154 (DLI), 2021 U.S. Dist. LEXIS 66119, at *10 (E.D.N.Y. Mar. 31, 2021) ("Accordingly, a ruling here would not bind all parties to the State Action."). In is unclear at this stage whether all parties will be "amenable to process" in the state action, but that process is at least underway; given that Plaintiffs all conduct business at the Westchester County Airport, however, they cannot reasonably object to process in a New York State action.

The "forum shopping" factor weighs strongly in favor of abstention, because it is difficult to view Plaintiffs' TRO application has anything but that. There is no difference in the "relative convenience of the fora"—Plaintiffs' preferred forum, like Westchester's, is in White Plains. Order of filing weighs in favor of Westchester, and critically, Westchester did not "race to the courthouse"—it was Plaintiffs, not Westchester, who had advanced notice of the other party's intent to sue, given that Westchester was obligated to first obtain legislative authority to do so. (*See* ECF No. 19-1 (Feb. 11, 2022 Westchester Local Act, which was publicly available and which Plaintiffs attached to their complaint).) "Choice of law" is not relevant, because the laws in question are the same in both actions.

Regarding factor ten, "a declaratory judgment action has 'no useful purpose' when another proceeding will settle the claims at issue." *XL Ins. Am., Inc.*, 414 at 611. As noted, the

3

state court proceeding will, by necessity, settle Plaintiffs' claims.  Similarly, the instant federal claims will not "offer relief from uncertainty," given that "the same issues are being litigated directly in another proceeding."  *Id.*  Regarding factor twelve—avoiding a race to *res judicata*—foregoing abstention here and leaving both actions on parallel tracks would create precisely that danger.  *See Nat'l Union Fire Ins. Co. v. Turbi de Angustia*, No. 05-cv-2068, 2005 U.S. Dist. LEXIS 18141, at *10 (S.D.N.Y. Aug. 23, 2005).  The thirteenth factor also favors abstention because contrary adjudication of the core issue here—the validity of a duly-enacted local law—"would almost inevitably create friction."  *XL Ins. Am., Inc.*, 414 at 611.  Finally, there is no "more effective remedy" at bar than abstention, which is far more effective that Plaintiffs' proposed remedy—a federal court order overruling a state court order.  (*See* ECF No. 21-2.)

### *Dismissal*

Should the Court find that the *Brillhart/Wilton* factors weigh in favor of abstention, it may either stay, or dismiss, the instant action.  *See Wilton*, 515 U.S. at 288.  The Court should dismiss, given that abstention will almost certainly prompt Plaintiffs to try and remove the state court action.  If Plaintiffs are successful in removing the state action, it would create two separate, virtually identical federal actions, which would in turn trigger the "first-to-file" rule.

This rule "embodies considerations of judicial administration and conservation of resources," *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989), and states that "where there are two competing lawsuits, the first suit should have priority." *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008). Application of the "first-to-file" rule "is essentially an equitable task," for which district courts are afforded an "ample degree of discretion."  *First City Nat'l Bank & Tr. Co.*, 878 F.2d at 80; *see also Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020) ("When one of two competing suits in a first-to-file analysis is a declaratory judgment action, district courts enjoy a 'double dose' of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action *and* discretion when considering and applying the first-to-file rule and its equitable exceptions.").  "The parties need not be identical for the first-to-file rule to apply," *Samsung Elecs. Co., Ltd. v. Solas OLED Ltd.*, No. 21-cv-5205 (LGS), 2022 U.S. Dist. LEXIS 18324, at *11 (S.D.N.Y. Feb. 1, 2022), and "[t]he burden to establish an exception to the first-to-file rule is on the party seeking the exception." *Id.* at *7-8.

Critically, the relevant date, for "first-to-file" purposes, is the date of the original state court filing, not the date of removal. *See Pike Co. v. Universal Concrete Prods.*, 284 F. Supp. 3d 376, 393 (W.D.N.Y. 2018) (collecting cases). It is uncontested that Westchester's state court case was filed first; indeed, it appears that Plaintiffs filed their federal case (and certainly their TRO application) in direct response to Westchester's state court filing.

In sum, should the Court find that abstention is appropriate here, this finding would further warrant the instant action's dismissal.

********

Should the Court determine that abstention is not appropriate, Westchester respectfully requests that the Court at least deny Plaintiffs' request for a TRO and preliminary injunction. As noted previously, Plaintiffs' only risk of "imminent harm" is the potential of an adverse ruling at the April 8th state court hearing before Judge Lubell. Notwithstanding Westchester's promulgation of Policy No. 1 on January 21st, Plaintiffs have continued to operate the flights in question through the present; other than its initiation of the state court action, Westchester has not interfered with these flights and will not do so without a valid court order.

Thank you for your time and consideration.

Sincerely,

/s/ *David H. Chen*  
David H. Chen, Esq.  
dhca@westchestergov.com  
(914) 995-3616

/s/ *Sean T. Carey*  
Sean T. Carey, Esq.  
stca@westchestergov.com  
(914) 995-2243