Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
troutman.com



---

**John N. Thomas**
jack.thomas@troutman.com

March 10, 2022
**VIA ECF**
Honorable Philip M. Halpern, U.S.D.J.
Charles L. Brieant Federal Courthouse

Re:   Delux Public Charter, LLC, et al. v. County of Westchester, et al.,
      Index No. 22-cv-01930

Dear Judge Halpern:

This matter is well within the Court's jurisdiction and a TRO is necessary to prevent irreparable harm.  This case is not "reactive" to the County's action—which Plaintiffs received notice of only three hours before filing—but rather is necessary to prevent enforcement of an unconstitutional policy.

**I.   Abstention is Inapplicable And the Court Should Not Defer to the State Court.**

The Court unquestionably has jurisdiction. *See W. Air Lines, Inc. v. Prt Auth. Of N.Y. & N.J.*, 817 F. 2d 222, 225 (2d. Cir. 1987); *Friends of E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 144-45 (2d. Cir. 2016).  The County does not suggest otherwise; instead, it requests abstention.  "Abstention is generally disfavored, and federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction.'" *Niagara Mohawk Power Corp. v. Hudson River-Black River Reg. Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 482 (1976)).

Abstention under *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L.Ed.2d 214 (1995) is inapplicable for the following reasons:

**The California Supreme Court Headquarters**
March 10, 2022
Page 2



---

- *Wilton* abstention is applicable only to federal declaratory judgment actions due to a parallel state action. *Niagara Mohawk*, 673 F.3d at 104, 106. Plaintiffs seek injunctive relief in addition to declaratory relief. (*See* ECF No. 1, Prayer for Relief.)

- *Wilton* abstention applies only when state law applies the rule of decision. *Youell v. Exxon Corp.,* 74 F.3d 373, 373 (2d Cir. 1996). The decision in both actions turns solely on the application of federal law.

- Even under the five factors set out by the Second Circuit in *Dow Jones & Co. v. Harrods Ltd.*, 246 F.3d 357, 359-60 (2d. Cir. 2003) and *Niagara Mohawk*, 673 F.3d at 105, *Wilton* abstention is also inappropriate.[1] This action addresses federal issues, such as Equal Protection, not in the state action and will settle the legal issues presented by Policy No. 1/the TUP. Thus, a decision on whether Policy No. 1/TUP is preempted will finalize the controversy as to all affected parties and will effectively bind every air carrier.[2] Moreover, this action will not cause friction with the state court because no state law issues are being decided, and Plaintiffs are seeking more than a duplicative declaratory judgment. Plus, the County does not seek a better or more effective remedy in state court; indeed, it seeks a more limited remedy excluding Plaintiffs' Equal Protection claims. There is simply no evidence that Plaintiffs are improperly racing to res judicata.

---

[1] The County's 14-factor test finds no support in any Second Circuit decision. *See Argonaut Ins. Co. v. 354 Chauncey Realty LLC*, 2021 U.S. Dist. LEXIS 66119, *7 (E.D.N.Y. 2021) (rejecting non-*Dow Jones* factors).
[2] For this reason, the absence of Contour – Blade's and XO's Part 135 partner – is a red herring. If Policy No.1/TUP is preempted, neither Contour nor any other part 135 operator would be required to follow it. If Policy No. 1/TUP is not preempted, Contour cannot make any different argument as the federal law at issue is precisely the same for Contour as for Plaintiff Delux, also a Part 135 operator.

124611650

The California Supreme Court Headquarters
March 10, 2022
Page 3



---

Abstention is also not warranted under the more exacting *Colorado River* standard. The *Colorado River* factors are whether: (1) controversy involves a res over which one of the courts has assumed jurisdiction; (2) federal forum is less inconvenient for the parties; (3) staying or dismissing the federal action will avoid piecemeal litigation; (4) order in which the actions were filed, and how advanced the proceedings are; (5) federal law provides the rule of decision; and (6) state procedures are adequate to protect the plaintiffs' federal rights. *Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d. Cir. 2001).

Under these factors, *Colorado River* abstention is improper. First, the controversy does not involve a res or real property over which either court has assumed jurisdiction. Second, neither court – located within a mile of each other – are more convenient than the other. Third, Defendants' state court proceeding does not address all of the issues in this action, so staying or dismissing the federal action will not avoid piecemeal litigation. Fourth, both actions were filed on the same day, and this Court's proceeding is likely to advance to a TRO hearing before the state action. Fifth, federal law provides the rule of decision. *Id*. ("Plainly, [w]hen the applicable substantive law is federal, abstention is disfavored.") And lastly, federal courts have more experience, particularly those in the Second Circuit, dealing with significant federal claims.

## II. The Court Should Not Dismiss As the First to File Doctrine is Also Inapplicable.

Likewise, the First to File Doctrine is inapplicable and cannot support dismissal. It is well settled in the Second Circuit that the First to File Doctrine does not apply where there are pending state and federal court actions. *See Alpine Grp., Inc. v. Johnson*, No. 01 CIV. 5532 (NRB), 2002 WL 10495, at *4 (S.D.N.Y. Jan. 3, 2002) ("It is important to note that the "first to file" rule does not control in this matter because only one of the two actions is a federal

The California Supreme Court Headquarters
March 10, 2022
Page 4



---

action.")*; see also Lan Sang v. Ming Hai*, 951 F. Supp. 2d 504, 517 (S.D.N.Y. 2013).  Indeed, the cases the County cites involved two federal actions pending, not a concurrently filed state action and federal action.   The doctrine therefore does not apply in these circumstances.[3]

Even if the First to File Doctrine were applicable, it should not be applied here.  "[S]pecial circumstances" can warrant exception to the doctrine, including "the minimal difference in time between the filing of the two actions and the lack of progress in either litigation."  *In re Arb. between Griffin Indus., Inc. & Petrojam, Ltd.*, 58 F. Supp. 2d 212, 218 (S.D.N.Y. 1999); *see also Blechman v. Ideal Health, Inc.*, 668 F. Supp. 2d 399, 404 (E.D.N.Y. 2009).

The County's state court action was filed on March 7, 2022, the same day as Plaintiffs' action here.  As the County notes, it did not send copies to Plaintiffs until 7:22 p.m., only a little over three hours before Plaintiffs filed this action. The County's suggestion that Plaintiffs' 37-page Complaint (and exhibits and related papers) was "in direct response to Westchester's state court filing" is impractical.  Plaintiffs could not draft such a detailed complaint, complete with exhibits and supporting papers, three hours after receiving notice and as a mere reaction to the County's Complaint. Plaintiffs' Complaint and TRO papers were in process well beforehand.

### III.      Plaintiffs Will Suffer Irreparable Harm if a TRO Is Not Granted.

The County's assurances that it will not interfere with Plaintiffs flights without a valid court order does not remedy the irreparable harm.  *See* Mem. In Supp. Of TRO ("TRO") at 11-14 (ECF No. 15).  A major disruption of a business's operations can constitute irreparable and immediate injury as can a business's loss of customer goodwill.  TRO at 12 (citing cases).

---

[3] If removed, action would be likely related to this case.  *See Fresh Air for the Eastside, Inc. v. Waste Mgmt. of NY, L.L.C.*, 405 F. Supp. 3d 408, 432 (W.D.N.Y. 2019) (first-to-file rule does not apply if actions before same judge).



Here, Plaintiffs' businesses are currently suffering major disruptions and/or will suffer major disruptions in the immediate future just by virtue of the threat that Defendants can and will enforce their preempted and unlawful regulation and policy. As detailed in Plaintiffs' TRO and supporting declarations, Defendants' attempts to apply the TUP and Policy No. 1 to Plaintiffs' operations effectively shuts them down and forecloses access to the Airport in violation of federal and Constitutional law. TRO at 12-14. The mere threat of being shut down is sufficient to cause major disruption to Plaintiffs' businesses. *See, e.g.*, Drabinsky Decl. ¶ 40, ECF No. 16.

Likewise, Plaintiffs will lose customer goodwill and significant money if they are forced to cancel flights that have already been booked and paid for. Combined, Plaintiffs will have to cancel well over 1,000 tickets that are already booked if the TUP and Policy No. 1 are applied to them. *See* Botimer Decl. ¶ 24; ECF No. 18; Drabinsky Decl. ¶ 40; Lozier Decl. ¶ 30, ECF No. 17. Moreover, customers who know their tickets could be cancelled if the TUP and Policy No. are enforced will not book with Plaintiffs, further damaging Plaintiffs' reputation and finances.

Finally, the imminent threat that the County will impose the TUP and Policy No. 1 against Plaintiffs also affects jobs as well as contractual commitments with operating partners. Lozier Decl. ¶ 30, ECF No. 17, Drabinsky Decl. ¶ 42; Botimer ¶ 25. These commitments are in an untenable state of uncertainty the longer the Defendants' threat of enforcement goes unresolved.

Sincerely,

*John N. Thomas*

John N. Thomas

124611650