UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC d/b/a JSX AIR and JETSUITEX, INC.; XO GLOBAL, LLC; and BLADE URBAN AIR MOBILITY, INC.,<br><br>                                      Plaintiffs,<br>      - vs –<br><br>COUNTY OF WESTCHESTER, NEW YORK, a charter company; APRIL GASPARRI, in her official capacity as AIRPORT MANAGER; and AVPORTS, LLC,<br><br>                                      Defendants. | **STIPULATION AND**<br>**[PROPOSED] ORDER**<br><br>**22-cv-1930 (PMH)** |

**WHEREAS,** on March 7, 2022, Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.; XO Global, LLC; and Blade Urban Air Mobility, Inc. (collectively, "Plaintiffs") commenced the instant action (Dkt. No. 1); and

**WHEREAS,** Defendant, the County of Westchester ("Westchester") has represented that Defendants April Gasparri and Avports, LLC (Avports) are, for purposes of this lawsuit, agents of Westchester (the "Westchester Agents"), and act entirely on Westchester's behalf, as set forth in the Airport Management Agreement circulated to all parties by Avports' counsel on Friday, March 11, 2022;

**WHEREAS,** on March 7, 2022, Plaintiffs filed a Complaint in this Action for Declaratory and Injunctive Relief and Demand for Jury Trial alleging that Westchester's and the Westchester Agents' application of Westchester County Airport Operational Policy No. 1 and section 712.462 of the Laws of Westchester County as to the Plaintiffs at Westchester County Airport ("HPN") is preempted by federal law and violates Plaintiffs' constitutional rights;

**WHEREAS,** Westchester denies that Operational Policy No. 1 or section 712.462 are preempted by federal law or that their instant application violates Plaintiffs' constitutional rights;

**WHEREAS,** on March 9, 2022, Plaintiff filed a proposed Order to Show Cause seeking a

1

124631918

temporary restraining order and preliminary injunction to enjoin Westchester from (1) enforcing Westchester County Airport Operational Policy No. 1 ("Policy No. 1"), as promulgated on January 21, 2022, against Plaintiffs and any Part 135 or other operator (collectively, "Air Carriers") utilized by Plaintiffs to organize flights arriving to or departing from HPN; (2) enforcing section 712.462 (the "TUP") as applied to the Plaintiffs and their Air Carriers at HPN; (3) preventing or interfering with Plaintiffs' continuing operations out of the Fixed Base Operators ("FBO") at HPN; and (4) indirectly violating any of the orders contained therein (Dkt. No. 14);

**WHEREAS,** Westchester and/or the Westchester Agents have previously sent cease and desist letters and/or other communications to Plaintiffs;

**WHEREAS,** by letters dated March 9th and 10th, 2022 (ECF Nos. 21, 29), Westchester represented that it would not seek to enforce its Policy No. 1 against Plaintiffs without a valid court order, specifically representing that "other than its initiation of the state court action, Westchester has not interfered with [Plaintiffs'] flights and will not do so without a valid court order"; and

**WHEREAS,** at a telephone conference with the Court on March 11, 2022, the Westchester County Attorney personally reaffirmed that Westchester would not seek to enforce Policy No. 1 without a valid court order against Plaintiffs or their Air Carriers, so that they can continue their operations at their respective FBOs;

**WHEREAS,** at this same telephone conference, Plaintiffs' counsel expressed concern that the FBOs at the Westchester County Airport, all of whom have leases with Westchester, would, pursuant to cease-and-desist letters sent by Westchester prior to this litigation, interfere with Plaintiffs' flight operations;

2

124631918

WHEREAS, the Court directed the parties to meet and confer and file a Stipulation "concerning the promises set forth in the County's letters (Doc. 21, Doc. 29) with respect to plaintiffs' operations at the Westchester County Airport and impact on certain non-parties," and

WHEREAS, the Court then denied Plaintiffs' request for a TRO (Dkt. No. 34);

In light of the foregoing, Plaintiffs and Westchester, by and through their counsel of record, hereby stipulate as follows:

**IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiffs and Westchester, through their respective counsel of record, that neither Westchester nor any of its agents will seek to or take any action to enforce Policy No. 1 and/or section 712.462 of the Laws of Westchester County (the "TUP") against Plaintiffs and their Air Carriers without a valid court order; and

**IT IS FURTHER STIPULATED AND AGREED,** that Westchester will not demand, request or otherwise encourage any of the FBOs—specifically, White Plains Aviation Partners, LLC, d/b/a Million Air White Plains ("Million Air"); HPN NY Holdings, LLC d/b/a Ross Aviation ("Ross Aviation"); and Signature Flight Support Corporation, Inc. ("Signature")—at the Westchester County Airport, to seek to enforce the TUP and/or Policy No. 1 against Plaintiffs without a valid court order; and

**IT IS FURTHER STIPULATED AND AGREED,** that Westchester will provide a copy of this stipulation to the FBOs once it is so-ordered by the Court; and

**IT IS FURTHER STIPULATED AND AGREED,** that Westchester will inform the Westchester Agents of this Stipulation and will ensure the Westchester Agents' compliance with this Stipulation.

124631918

DATED: White Plains, New York
March 15, 2022

David H. Chen, Esq.
OFFICE OF THE WESTCHESTER
COUNTY ATTORNEY
148 Martine Avenue, Suite 600
White Plains, NY 10601
dhca@westchestergov.com
(914) 995-3616
*Counsel for Defendant Westchester County*

DATED: White Plains, New York
March 15, 2022

John Nelson Thomas, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Ave, 15th Fl
New York, NY 10022
jack.thomas@troutman.com
(212) 704-6102
*Counsel for Plaintiffs*

SO ORDERED: _____

Philip M. Halpern, United States District Judge

Dated: White Plains, New York
March 16, 2022

4

124631918