UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC d/b/a JSX AIR; JETSUITEX, INC.; XO GLOBAL, LLC; and, BLADE URBAN AIR MOBILITY, INC,<br><br>    Plaintiffs,<br><br> -against-<br><br>COUNTY OF WESTCHESTER, NEW YORK, a charter county,<br><br>    Defendant. | Civil Action No. 7:22-CV-01930-PMH<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR APPLICATION FOR PRELIMINARY INJUNCTION AND RESPONSE ON ABSTENTION DOCTRINES** |

125146372

## TABLE OF CONTENTS

          **Page**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 2

    A. Abstention Does Not Apply to Plaintiffs' Claims Under Second Circuit Law ............................................................................................................................. 2

        1. *Wilton* Abstention Is Inapplicable and Inappropriate ............................... 2

        2. The Narrower *Colorado River* Abstention Doctrine Is Inapplicable ......... 7

        3. The Court Should Not Dismiss The Action As The First To File Rule Is Inapplicable ................................................................................. 8

    B. The Court Should Issue a Preliminary Injunction ................................................. 9

        1. The County Concedes Plaintiffs Are Likely To Succeed On The Merits ........................................................................................................ 9

        2. Plaintiffs Will Be Irreparably Harmed If The County Is Not Enjoined .................................................................................................... 9

III. CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ACE Am. Ins. Co. v. Bank of the Ozarks*,
   2014 U.S. Dist. LEXIS 140541 (S.D.N.Y. Sept. 30, 2014)..........................................................4

*Bright Kids NYC, Inc. v. QuarterSpot, Inc.*,
   2021 U.S. Dist. LEXIS 178867 (S.D.N.Y. Sept. 20, 2021)...................................................4, 5

*Cadle Co. v. Bankers Fed. Sav. FSB*,
   929 F.Supp. 636 (E.D.N.Y. 1996) ...............................................................................................6

*Chateau Hip v. Gilhuly*,
   1996 U.S. Dist. LEXIS 11055 (S.D.N.Y. Aug 1, 1996)............................................................10

*Colorado River Water Conservation District v. United States*,
   424 U.S. 800 (1976)...........................................................................................................1, 7, 8

*Dittmer v. Cty. of Suffolk*,
   146 F.3d 113 (2d. Cir. 1998).....................................................................................................2, 7

*Exxon Mobil Corp. v. Healey*,
   2022 U.S. App. LEXIS 6588 (2d. Cir. Mar. 15, 2022)...............................................................9

*Kanciper v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals, Inc.*,
   722 F.3d 88 (2d. Cir. 2013).........................................................................................................3

*Kingsway Fin. Servs., Inc. v. Pricewaterhousecoopers, LLP*,
   420 F. Supp. 2d 228 (S.D.N.Y. 2005).........................................................................................7

*LaForest v. Former Clean Air Holding Co.*,
   373 F.3d 48 (2d. Cir. 2004).......................................................................................................10

*Levinson v. Cello Music & Film Sys., Inc.*,
   199 F.3d 1322 (2d Cir. 1999)....................................................................................................10

*Managing Directors' Long Term Incentive Plan v. Boccella*,
   2015 U.S. Dist. LEXIS 59432 (S.D.N.Y. May 5, 2015).............................................................6

*Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983).........................................................................................................................2

*N. Am. Soccer League v. Nat'l Football League*,
   465 F. Supp. 665 (S.D.N.Y. 1979) ...........................................................................................10

*New York v. Solvent Chemical Co.*,
    664 F.3d 22 (2d. Cir. 2011)...............................................................................................4

*Niagara Mohawk Power Corp. v. Hudson-River Blake River Regul. Dist.*,
    673 F.3d 84 (2d. Cir. 2012)............................................................................................2, 4

*Roswell Capital Partners LLC v. Alternative Constr. Techs.*,
    2009 U.S. Dist. LEXIS 7690 (S.D.N.Y. Jan. 30, 2009)..................................................9

*Sprint Commc'ns, Inc. v. Jacobs*,
    571 U.S. 69 (2013).............................................................................................................2

*Wilmington Tr., Nat'l Ass'n v. Estate of McClendon*,
    287 F. Supp. 3d 353 (S.D.N.Y. 2018)..............................................................................3

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995).............................................................................................. *passim*

*Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*,
    239 F.3d 517 (2d. Cir 2001)............................................................................................8

*Youell v. Exxon Corp.*,
    74 F.3d 373 (2d Cir. 1996).........................................................................................2, 3

## Statutes

Airline Deregulation Act...............................................................................................3, 5, 9

Airport Noise and Capacity Act....................................................................................3, 5, 9

## Other Authorities

Westchester County Municipal Code § 712.462 .......................................1, 3, 4, 5, 6, 10

I.      **INTRODUCTION**

Plaintiffs Delux Public Charter, LLC d/b/a JSX Air ("Delux"), JetSuiteX, Inc. ("JetSuiteX"), XO Global, LLC ("XO Global"), and Blade Urban Air Mobility, Inc. ("Blade") (collectively, "Plaintiffs") brought this action to compel the County of Westchester (the "County") to comply with federal aviation law that govern Plaintiffs' federally approved air transportation services.  The County is seeking to disregard those federal laws by attempting to regulate Plaintiffs' operations in areas that are clearly preempted by federal law.

Trying to avoid unquestionable federal jurisdiction, the County invokes two abstention doctrines, *Colorado River* and *Wilton*.  But this case presents none of the exceptional circumstances required for a federal court to abstain from exercising its jurisdiction to decide the important federal issues at the center of this dispute.  The County presents no compelling reason why the Court should ignore its "virtually unflagging obligation" to exercise its jurisdiction over these uniquely federal aviation issues.

Plaintiffs are also entitled to a preliminary injunction to avoid irreparable harm from the County's unlawful policy.  Plaintiffs are likely to succeed on the merits of their claims, which the County does not dispute.  Plaintiffs will also be irreparably harmed if the County's Airport Operational Policy No. 1 ("Policy No. 1") were to go into effect at Westchester County Airport ("HPN").  It is critical for Plaintiffs' businesses that a preliminary injunction be issued because a finding of a likelihood of success on the merits mitigates the irreparable harm and uncertainty created by the threatened application of Policy No.1 to Plaintiffs' federally-approved business.

Thus, the Court should grant Plaintiffs' request for a preliminary injunction.

II. **ARGUMENT**

    A. **Abstention Does Not Apply to Plaintiffs' Claims Under Second Circuit Law**

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction given to them. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013), and a constitutional duty "to adjudicate a controversy properly before" them. *Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983). Abdication of this obligation is justified "only in the exceptional circumstances" where directing the parties to "repair to [a] State court would clearly serve an important countervailing interest." *Id*. Otherwise, "[t]he pendency of an action in a state court is no bar to proceedings concerning the same matter in" federal court. *Sprint*, 571 U.S. at 73. Since there is undoubtedly jurisdiction and no exceptional circumstances exist here, the Court should decline the County's request to abstain.

        1. ***Wilton* Abstention Is Inapplicable and Inappropriate**

There is no basis for the Court to abstain pursuant to the *Wilton* abstention doctrine. Pursuant to *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), courts have discretion to dismiss a declaratory judgment action "where another suit is pending in a state court proceeding presenting the same issues, not governed by federal law, between the same parties." *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d. Cir. 1998) (quoting *Wilton*, 515 U.S. at 282). If those factors are established, there are several factors courts in the Second Circuit must consider when exercising their discretion to abstain. *See Niagara Mohawk Power Corp. v. Hudson-River Blake River Regul. Dist.*, 673 F.3d 84, 105 (2d. Cir. 2012).

           a. **The Requirements For *Wilton* Abstention Are Not Met**

Since federal law provides the rule of decision, *Wilton* abstention cannot be invoked by the Court. In *Youell v. Exxon Corp.*, 74 F.3d 373, 376 (2d Cir. 1996), the Court found *Wilton* fundamentally distinct from the case before it because *Wilton* involved state law only, whereas

*Youell* involved novel issues of federal admiralty law. The Court emphasized that the *Wilton* Court specifically declined to set forth the outer limits of a district court's discretion in cases, such as this, raising issues of federal law. *Id*. According to the Court, "while we loathe wasting judicial resources, it would be worse to cede federal review of an issue of federal law merely because [defendant] won the race to judgment in state court." *Id*. Here, unlike *Wilton* and other cases applying *Wilton*, the jurisdiction of the court is based upon a federal question, not diversity of citizenship. The federal questions at issue are important and novel. The County's argument that this case solely concerns the interpretation of a local law strains credulity because the critical issue in this case is not interpretation of the local law but the extent to which federal laws like the Airline Deregulation Act ("ADA") and Airport Noise and Capacity Act ("ANCA") preempt local regulations like Policy No. 1/the TUP. As a result, this action will not cause friction with the state court because no state law issues are being decided, and Plaintiffs are seeking more than a duplicative declaratory judgment.

When a federal action seeks more than "purely declaratory" relief, the Second Circuit has held that *Wilton* abstention does not apply. *Kanciper v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 93 (2d. Cir. 2013). In addition to declaratory relief, Plaintiffs seek injunctive relief and "damages . . . for the completed and on-going violations of law and tortious interference claims." (Compl. at 36.) *Wilton* also does not apply to actions where, as here, the Plaintiffs "seek[] . . . injunctive relief." *Wilmington Tr., Nat'l Ass'n v. Estate of McClendon*, 287 F. Supp. 3d 353, 366 & n. 7 (S.D.N.Y. 2018). The County's argument that *Wilton* applies because the Court may deny the Motion and that the request for a permanent injunction is intertwined with the requested declaratory relief is unavailing (Opp. at 10), as the County cites no cases applying *Wilton* abstention to injunctive claims on this basis.

      b.  **Abstention Would Still Be Inappropriate Even If *Wilton* Theoretically Could Apply**

Even if *Wilton's* baseline requirements were satisfied, there is no basis for abstention. Courts consider the following factors when evaluating whether to abstain under *Wilton*:

> (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of declaratory judgment would increase friction between sovereign legal system…; and (5) whether there is a better or more effective remedy.

*New York v. Solvent Chemical Co.*, 664 F.3d 22, 26 (2d. Cir. 2011). If either of the first two factors is satisfied, a court is "required to entertain" the case. *ACE Am. Ins. Co. v. Bank of the Ozarks*, 2014 U.S. Dist. LEXIS 140541, at *54 (S.D.N.Y. Sept. 30, 2014) (citation omitted).

The factors above weigh against abstention under the circumstances present in this case. The County does not dispute that this case presents an ongoing controversy with substantial uncertainty for both Plaintiffs and the County. The County asserts the authority to restrict Plaintiffs' federally approved air services at HPN, while Plaintiffs assert the right under federal aviation law to be free from such local regulations. A declaratory judgment would settle this dispute, clearly serving "a useful purpose in clarifying or settling the legal issues involved" and bringing this "controversy" and the resulting "uncertainty" to a swift end. *Niagara*, 637 F.3d at 105. This action addresses federal issues, such as Equal Protection, not in the state action and will settle the legal issues presented by Policy No. 1/the TUP. Contrary to the County's assertion, the fact that some of these issues could potentially be resolved in the state action does not weigh in favor of abstention. The Second Circuit rejected that argument in *Niagara*, holding that a declaratory judgment "clearly would serve a useful purpose" even though proceedings involving overlapping issues were pending in state court. 673 F.3d at 105. In addition, *Bright*

*Kids NYC, Inc. v. QuarterSpot, Inc.*, 2021 U.S. Dist. LEXIS 178867, at *13 (S.D.N.Y. Sept. 20, 2021), a case cited by the County, does not support abstention here. Unlike here where there is a clear basis for Plaintiffs' Equal Protection claim, in that case there was no authority for the issue plaintiff sought a declaration on "to serve as a basis for an affirmative claim." *Id*.

A decision on whether Policy No. 1/TUP is preempted will finalize the controversy as to all affected parties and will effectively bind every air carrier. While the state action includes a defendant (Contour Aviation) that is not a party to the federal action, this fact alone cannot support abstention for two reasons. First, the County could easily counterclaim against Contour in this action if it was so concerned that a judgment in this action would not be binding as to Contour. Second, a judgment of preemption (or no preemption) in this action would effectively bind Contour and every other Part 135 operator. If Policy No. 1/TUP is preempted, neither Contour nor any other Part 135 operator would be required to follow it. If Policy No. 1/TUP is not preempted, Contour cannot make any different argument as the federal laws at issue (ADA and ANCA) are precisely the same for Contour as for Plaintiff Delux, another Part 135 operator.

Regarding the third *Wilton* factor, there is no evidence that Plaintiffs are improperly racing to res judicata.[1] The County concedes that it would have been impossible for Plaintiffs to draft the 37-page complaint in this action and file it a mere three hours after the County filed the Complaint in the state action. Instead, the County speculates that Plaintiffs quickly decided to

---

[1] Though the County passed an Act in February 2022 authorizing the filing of litigation against "certain airlines that operate at the Westchester County Airport . . ." (the "Act"), the County did not notify Plaintiffs of the impending lawsuit or the Act, nor did it name in the Act any of the Plaintiffs in this action as parties against whom the County would file suit. "). (Declaration of Steven D. Allison In Support of Plaintiffs' Reply ("Allison Decl."), ¶ 3.) Plaintiffs' counsel learned about the Act only in early March, as it was finalizing the Plaintiffs' own complaint in this action and completing due diligence by reviewing certain documents archived on the County's website. (*Id*., ¶ 3.) Plaintiffs intended to file their Complaint in this action on March 4 or 7, even before learning of the Act due to Plaintiffs' valid concern that the County would soon enforce the TUP and Policy No. 1 and terminate Plaintiffs' operations at HPN. (*Id*.)

add the Equal Protection claim in between the filing of the state action and the filing of this action about three hours later. However, it is obvious to any experienced lawyer that the preparation, analysis, and discussion of each of the legal theories asserted in the Complaint took more than three hours, as described in detail above. The cases cited by the County provide no more support than its speculative assertions regarding the drafting of the Complaint. *See Managing Directors' Long Term Incentive Plan v. Boccella*, 2015 U.S. Dist. LEXIS 59432, at * 16 (S.D.N.Y. May 5, 2015) (abstaining in part due to the reactive nature of Plaintiff's lawsuit, which was filed more than two months after the defendant employee filed a similar action in California). There is no evidence whatsoever to suggest that Plaintiffs are improperly racing to res judicata or engaging in forum shopping.

As to the fourth factor, this action will not cause friction with the state action because no state law issues are being decided. The critical issue is not whether Policy No. 1/the TUP applies to Plaintiffs, which the County erroneously claims is a quintessential state law issue. Whether Policy No. 1/the TUP actually apply to Plaintiffs is not disputed as Policy No. 1 was specifically directed to Plaintiffs. Instead, the critical issue is whether those regulations are preempted by federal law. Indeed, the one case cited by the County for this factor found that the underlying right at issue in the declaratory judgment claim was fundamentally a state law issue because mortgages are rights which "historically have been, governed by state law." *Cadle Co. v. Bankers Fed. Sav. FSB*, 929 F.Supp. 636, 639 (E.D.N.Y. 1996). The issues presented here, however, are novel federal issues concerning the preemptive effect of two federal statutes comprehensively regulating the uniquely federal area of aviation. Therefore, this federal court exercising its jurisdiction to determine uniquely federal issues cannot possibly cause any friction with a state court addressing similar issues.

Finally, the remedy sought by the County in the state action is significantly narrower than the remedy sought by Plaintiffs in this action because it excludes Plaintiffs' Equal Protection claim. The County's assertion that the Equal Protection claim can be litigated in the state action due to the court's interest in avoiding duplicative proceedings is misplaced. The Equal Protection claim is a federal claim, which this Court is uniquely prepared to adjudicate. It is for those reasons that Plaintiffs elected to file this lawsuit in this court. Since this action will result in a broader more effective remedy, this factor clearly weighs against abstention.

## 2. The Narrower *Colorado River* Abstention Doctrine Is Inapplicable

The *Colorado River* abstention doctrine, which is narrower than *Wilton*, recognizes there are limited circumstances when federal courts may, "for reasons of wise judicial administration," abstain from exercising jurisdiction "due to the presence of a concurrent state proceeding." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976). But such situations are strictly limited. There was "never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Id*. at 813-14. Accordingly, abstention is "an extraordinary and narrow exception to the duty of a [d]istrict [c]ourt to adjudicate a controversy properly before it." *Id*. at 813.

A court deciding whether to abstain under *Colorado River* engages in a two-step inquiry. First, as a precondition to abstention, the court determines whether that the relevant state and federal proceedings are "parallel." *See Dittmer*, 146 F.3d at 117-18. Two suits are parallel where the parties are "substantially the same, litigating substantially the same issues in both actions." *Royal & Sun Alliance Ins. Co. of Can. v. century Int'l Arms, Inc*., 466 F.3d 88, 94 (2d. Cir. 2006). Accordingly, two actions are parallel when "there is a 'substantial likelihood' that the state court litigation will 'dispose of all of the claims presented in the federal case.'" *Kingsway Fin. Servs., Inc. v. Pricewaterhousecoopers, LLP*, 420 F. Supp. 2d 228, 232 (S.D.N.Y.

2005). If the court determines that parallel state and federal proceedings exist, the court must then assess the six *Colorado River* factors to decide whether abstention is warranted. *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d. Cir 2001). Since the federal action is more comprehensive due to the Equal Protection claim, the two cases are not fully "parallel" for purposes of *Colorado River* abstention. While there is substantial overlap between the two cases, the Equal Protection issues will not be litigated in the state action. As a result, it is unlikely that the state action will dispose of all of the claims presented in this case.

Even assuming that this action and the state action are parallel proceedings, abstention is still not warranted under the more exacting *Colorado River* standard. The *Colorado River* factors are whether: (1) controversy involves a res over which one of the courts has assumed jurisdiction; (2) federal forum is less inconvenient for the parties; (3) staying or dismissing the federal action will avoid piecemeal litigation; (4) order in which the actions were filed, and how advanced the proceedings are; (5) federal law provides the rule of decision; and (6) state procedures are adequate to protect the plaintiffs' federal rights. *Woodford*, 239 F.3d at 522.

Under these factors, *Colorado River* abstention is improper. First, as the County concedes, the controversy does not involve a res or real property over which either court has assumed jurisdiction. Second, as the County also concedes, neither court – located within a mile of each other – are more convenient than the other. Third, the County's state court proceeding does not address all of the issues in this action, so staying or dismissing the federal action will not avoid piecemeal litigation. Fourth, both actions were filed on the same day and are at nearly identical stages. Fifth, federal law unquestionably provides the rule of decision.

      **3.**     **The Court Should Not Dismiss The Action As The First To File Rule Is Inapplicable**

This issue has been addressed at length in Plaintiffs' letter brief (Dkt. No. 31) and, in the interest of economy, will not be repeated here. (See Dkt. No. 31 at 3-4.) In short, the courts of this Circuit have made it abundantly clear that the first-filed doctrine should not be applied in a rigid fashion. This is especially true where, as here, the time between the two filings is a matter of mere hours and both cases are at largely the same stage.

### B. The Court Should Issue a Preliminary Injunction

#### 1. The County Concedes Plaintiffs Are Likely To Succeed On The Merits

The County has essentially conceded Plaintiffs' likelihood of success on the merits of their declaratory relief claims. Indeed, the County does not dispute that its interpretation of the TUP/Policy No. 1 is preempted by the ADA and ANCA. Nor does the County address Plaintiffs' argument that the TUP/Policy No. 1 deprives Plaintiffs of its Equal Protection rights. The County has therefore conceded those arguments. *See Roswell Capital Partners LLC v. Alternative Constr. Techs.*, 2009 U.S. Dist. LEXIS 7690, at *49 (S.D.N.Y. Jan. 30, 2009) (finding Defendants "essentially conceded Plaintiffs' likelihood of success on the merits of their breach of contract claim and focus their opposition to the preliminary injunction on the irreparable harm prong").

#### 2. Plaintiffs Will Be Irreparably Harmed If The County Is Not Enjoined

While the County stipulated to staying the enforcement of the TUP/Policy No. 1 until a court issues an order allowing those policies to be enforced, Plaintiffs will still be irreparably harmed if this Court does not issue a preliminary injunction. Indeed, the cases cited by the County do not establish that a stipulation in a case seeking a preliminary injunction negates the need for such an injunction. *See Exxon Mobil Corp. v. Healey*, 2022 U.S. App. LEXIS 6588, at *23 (2d. Cir. Mar. 15, 2022) (holding appeal was moot because parties executed a stipulation

providing relief sought in appeal); *Chateau Hip v. Gilhuly*, 1996 U.S. Dist. LEXIS 11055, at *7 (S.D.N.Y. Aug 1, 1996) (holding need for preliminary injunction was mooted because defendant stipulated to permanently doing much of what was sought in the preliminary injunction).

The Stipulation and Order (Dkt. No. 45) (the "Stipulation") temporarily staying enforcement of Policy No. 1/the TUP is only temporary and does not indicate whether Plaintiffs are likely to succeed on the merits. Stated differently, Plaintiffs are suffering irreparable harm each day without a ruling that the TUP/Policy No.1, which the County has made public, are not declared invalid or at least likely to be preempted  Such a finding is critical to Plaintiffs and their business partners who will be reluctant to invest in new routes, aircraft, and the companies themselves not knowing if Plaintiffs are correct that the County cannot simply regulate them out of existence in the near future. *See Levinson v. Cello Music & Film Sys., Inc.*, 199 F.3d 1322 (2d Cir. 1999) (discussing possibility of irreparable harm if "potential investors" had been deterred by the uncertainty caused by dispute); *N. Am. Soccer League v. Nat'l Football League*, 465 F. Supp. 665, 672 (S.D.N.Y. 1979) (finding irreparable harm in part due to "chilling effect . . . upon potential new investors"). This is an irreparable injury that is "non-compensable in terms of money damages." *LaForest v. Former Clean Air Holding Co.*, 373 F.3d 48, 56 (2d. Cir. 2004). Further, Plaintiffs' customers will be unwilling to book flights for future dates if they are uncertain that those flights will actually be available. Therefore, the Stipulation is fundamentally different than stipulations in the cases cited by the County that provide the same certainty as a finding of success on the merits in perpetuity. A finding by this Court of a likelihood of success on the merits on Plaintiffs' claims would largely remedy this irreparable harm.

### III. CONCLUSION

Plaintiffs respectfully request that the Court (1) grant Plaintiffs' Motion; and (2) exercise its obligation keep jurisdiction and to not abstain in favor of the state court.

Dated:  April 11, 2022                          TROUTMAN PEPPER HAMILTON
                                                SANDERS LLP


                                                By: */s/ Steven D. Allison*
                                                    John N. Thomas
                                                    Jenna C. Hutchinson
                                                    875 Third Avenue
                                                    New York, NY 10022
                                                    Telephone: 212.704.6000
                                                    Facsimile: 212.704.6288
                                                    jack.thomas@troutman.com
                                                    jenna.hutchinson@troutman.com

                                                    Steven D. Allison (Admitted PHV)
                                                    Samrah R. Mahmoud (Admitted PHV)
                                                    Sheila Z. Chen (Admitted PHV)
                                                    5 Park Plaza, Suite 1400
                                                    Irvine, CA 92614
                                                    Telephone: 949-622-2700

                                                    Attorneys for Plaintiffs
                                                    Delux Public Charter, LLC d/b/a JSX Air;
                                                    JetSuiteX, Inc.; XO Global, LLC; Blade
                                                    Urban Air Mobility, Inc.