UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELUX PUBLIC CHARTER, LLC d/b/a JSX AIR and
JETSUITEX, INC.; XO GLOBAL, LLC; and BLADE
URBAN AIR MOBILITY, INC.,

                                    Plaintiffs,

                – vs –

COUNTY OF WESTCHESTER, NEW YORK, a charter
company,

                                    Defendants.

**STIPULATION AND
[PROPOSED] ORDER RE
STATE COURT ACTION**

**22-cv-1930 (PMH)**

**WHEREAS,** Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.; XO Global, LLC; and Blade Urban Air Mobility, Inc. (collectively, "Plaintiffs") commenced the instant action (Dkt. No. 1) on March 7, 2022, seeking declaratory and injunctive relief alleging that the County of Westchester's (the "County") application of Westchester County Airport Operational Policy No. 1 and section 712.462 of the Laws of Westchester County as codified in the Westchester Country Airport Terminal Use Procedures ("TUP") is preempted by federal law and violates Plaintiffs' constitutional rights as applied to Plaintiffs;

**WHEREAS,** the County commenced an action in the Supreme Court of the State of New York, County of Westchester on March 7, 2022, (Index No. 57179/2022) seeking declaratory and injunctive relief alleging that Plaintiffs have violated Section 712.462 as set forth in the TUPs and that the TUPs are not preempted ("State Court Action");

**WHEREAS,** in light of this Court's May 24, 2022 ruling denying the County's request for abstention, ECF No. 57, the Parties have discussed the appropriate forum for litigation and as a result the County has agreed to dismiss the State Court Action without prejudice;

**WHEREAS,** in exchange for this dismissal, Plaintiffs have agreed to waive any right to attorneys' fees and costs in the State Court Action with each party to bear its own fees and costs

1

126974592v1

in the State Court Action;

**WHEREAS,** Plaintiffs have further agreed to dismiss without prejudice their request for attorneys' fees and costs in this action on their Third Cause of Action for Deprivation of Equal Protection – U.S. Const. Amend. XIV and 42 U.S.C. § 1983; and

**WHEREAS,** Plaintiff have further agreed that Defendant may have a week extension of time to answer the Complaint in this Action.

In light of the foregoing, Plaintiffs and the County, by and through their counsel of record, hereby stipulate as follows:

**IT IS HEREBY STIPULATED AND AGREED,** that the County will dismiss without prejudice the State Court Action; and

**IT IS FURTHER STIPULATED AND AGREED,** that Plaintiffs will waive any right to attorneys' fees and costs in the State Court Action and that each party will bear its own fees and costs in the State Court Action;

**IT IS FURTHER STIPULATED AND AGREED,** that Plaintiffs will dismiss without prejudice any right to attorneys' fees and costs in this action on their Third Cause of Action for Deprivation of Equal Protection – U.S. Const. Amend. XIV and 42 U.S.C. § 1983; and

**IT IS FURTHER STIPULATED AND AGREED,** that Defendants may have a one week extension of time to answer the Complaint in this Action, to June 20, 2022.

DATED:  White Plains, New York
          June 8, 2022

                        David H. Chen, Esq.
                        OFFICE OF THE WESTCHESTER
                        COUNTY ATTORNEY

126974592v1

148 Martine Avenue, Suite 600
White Plains, NY 10601
dhca@westchestergov.com
(914) 995-3616
*Counsel for Defendant Westchester County*

DATED:  White Plains, New York
        June  8  , 2022

Steven D. Allison, Esq.
TROUTMAN PEPPER HAMILTON SANDERS
LLP
5 Park Plaza. Suite 1400
Irvine, California
steven.allison@troutman.com
(949) 622-2703
*Counsel for Plaintiffs*

SO ORDERED: _____

126974592v1