UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC d/b/a JSX AIR and JETSUITEX, INC.; XO GLOBAL, LLC; and BLADE URBAN AIR MOBILITY, INC., <br><br> Plaintiffs, <br><br> - vs - <br><br> COUNTY OF WESTCHESTER, NEW YORK, a charter county, <br><br> Defendant | INDEX NO. 7:22-cv-01930-PMH <br><br> **ANSWER TO COUNTERCLAIMS** |

Plaintiffs and Counter-Defendants Delux Public Charter, LLC d/b/a JSX Air ("Delux"); and JetSuiteX, Inc. (collectively "JSX"); XO Global, LLC ("XO Global"); and Blade Urban Air Mobility, Inc. ("Blade") (collectively "Plaintiffs") hereby answer the counterclaims (the "Counterclaim") of Defendant County of Westchester, New York, (the "County") as follows:

**INTRODUCTION**

158. Paragraph 158 of the Counterclaims describes the relief sought by the County, which does not require a responsive pleading. To the extent that paragraph 158 of the Counterclaims may be deemed to allege any factual or legal entitlement to the relief requested, Plaintiffs deny each and every such allegation and specifically deny that the County is entitled to any relief, including, but not limited to, the relief requested in paragraph 158 of the Counterclaim.

159. Paragraph 159 of the Counterclaim describes the relief sought by the County, which does not require a responsive pleading. To the extent that paragraph 159 of the Counterclaim may be deemed to allege any factual or legal entitlement to the relief requested, Plaintiffs deny each and every such allegation and specifically deny that the County is entitled to

any relief, including, but not limited to, the relief requested in paragraph 159 of the Counterclaim.

160. Paragraph 160 of the Counterclaim contains conclusions of law, which do not require a responsive pleading. To the extent that paragraph 160 of the Counterclaim may be deemed to allege any factual or legal entitlement to the relief requested, Plaintiffs deny each and every such allegation and specifically deny that the County is entitled to any relief, including, but not limited to, the relief requested in paragraph 160 of the Counterclaim.

161. To the extent paragraph 161 of the Counterclaim purports to describe, quote or characterize the written laws of Westchester County, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs deny the remaining allegations of paragraph 161 of the Counterclaim.

162. To the extent paragraph 162 of the Counterclaim purports to describe, quote or characterize the written laws of Westchester County, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs deny the remaining allegations of paragraph 162 of the Counterclaim.

163. To the extent paragraph 163 of the Counterclaim purports to describe, quote or characterize the written laws of Westchester County, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs deny the remaining allegations of paragraph 163 of the Counterclaim.

164. To the extent paragraph 164 of the Counterclaim purports to describe, quote or characterize the written laws of Westchester County, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs deny the remaining allegations of paragraph 164 of the Counterclaim.

165. Plaintiffs admit that the TUPs were codified in 2004 when the County passed Westchester County Municipal Code § 712.462. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 165 of the Counterclaim and, on that basis, deny them.

166. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166 of the Counterclaim and, on that basis, deny them.

167. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 of the Counterclaim and, on that basis, deny them.

**FACTUAL ALLEGATIONS**

168. Plaintiffs admit that Westchester County Airport offers a mixture of commercial, business and private aviation services. However, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 169 of the Counterclaim and, on that basis, deny them.

169. Plaintiffs admit the allegations of paragraph 169 of the Counterclaim.

170. Plaintiffs admit the first sentence of paragraph 170 of the Counterclaim. However, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 170 of the Counterclaim and, on that basis, deny them.

171. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 171 of the Counterclaim and, on that basis, deny them.

**The Business Model in Dispute**

172. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172 of the Counterclaim and, on that basis, deny them, except that Plaintiffs specifically deny that their businesses are "a new business model" and deny that each of the Plaintiffs only began operating in "late 2019".

173. Plaintiffs admit that air charter brokers can charter flights that operate out of FBOs, but Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 173 of the Counterclaim and, on that basis, deny them, or the remaining allegations of paragraph 173 of the Counterclaim are conclusions of law, which do not require a response.

174. Plaintiffs admit the allegations of paragraph 174 of the Counterclaim except Plaintiffs deny that Blade or XO only began offering flights by the seat beginning in 2020; instead, Blade has been offering its BLADEone product from HPN since 2015 and JetSmart, XO's affiliate, has been offering flights by the seat from HPN since 2015.

175. Paragraph 175 purports to describe, quote or characterize a document which is attached to the Counterclaims, which is not in fact attached, and therefore Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 175 of the Counterclaim and, on that basis, deny them.

176. Paragraph 176 purports to describe, quote or characterize a document which is attached to the Counterclaims, which is not in fact attached, and therefore Plaintiffs are without

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176 of the Counterclaim and, on that basis, deny them

177. Plaintiffs admit the allegations of paragraph 177 of the Counterclaim.

178. Plaintiffs admit that JetSuiteX does not operate flights and that it charters flights operated by Delux. Plaintiffs admit that Blade and XO do not operate flights and that they offer flights that are operated by Contour. To the extent the remaining allegations of paragraph 178 of the Counterclaim purport to describe, quote or characterize the TUPs, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs deny the remaining allegations of paragraph 178 of the Counterclaim.

**Communications with the Defendant**

179. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 179 of the Counterclaim and, on that basis, deny them.

180. Plaintiffs admit that beginning in the fall of 2021 and continuing through February 2022, they engaged in communications with the County, including letters, telephone calls, and video conferences. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 180 of the Counterclaim and, on that basis, deny them.

181. Plaintiffs deny the allegations of paragraph 181 of the Counterclaim.

182. Plaintiffs deny the allegations of paragraph 182 of the Counterclaim.

183. To the extent paragraph 183 of the Counterclaim purports to describe, quote or characterize written communications between the County and XO Global, the documents speak for themselves, should be read as a whole, and provides only as expressly stated therein.

Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs deny the remaining allegations of paragraph 183 of the Counterclaim.

184. To the extent paragraph 184 purports to describe, quote or characterize written communications between the County and JSX, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs deny the remaining allegations of paragraph 184 of the Counterclaim.

185. To the extent the first sentence of paragraph 185 purports to describe, quote or characterize written communications between the County and Blade, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 185 of the Counterclaim and, on that basis, deny them.

186. To the extent paragraph 186 purports to describe, quote or characterize written communications between the County and XO Global, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs deny the remaining allegations of paragraph 186 of the Counterclaim.

187. To the extent paragraph 187 purports to describe, quote or characterize written communications between the County and JSX, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs deny the remaining allegations of paragraph 187 of the Counterclaim.

188.   To the extent paragraph 188 purports to describe, quote or characterize written communications between the County and XO Global, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein.  Plaintiffs refer to the document for a full and complete statement of its content.  Plaintiffs deny the remaining allegations of paragraph 188 of the Counterclaim.

189.   To the extent paragraph 189 purports to describe, quote or characterize written communications between the County and JSX, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein.  Plaintiffs refer to the document for a full and complete statement of its content.  Plaintiffs deny the remaining allegations of paragraph 189 of the Counterclaim.

190.   Plaintiffs admit that the County adopted Policy No. 1 on January 21, 2022.  To the extent paragraph 190 purports to describe, quote or characterize Policy No. 1, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein.  Plaintiffs refer to the document for a full and complete statement of its content.  Plaintiffs deny the remaining allegations of paragraph 190 of the Counterclaim.

191.   Plaintiffs deny the allegations of paragraph 191 of the Counterclaim.

192.   Plaintiffs admit that JSX received a letter dated February 7, 2022, from the County.  To the extent paragraph 192 purports to describe, quote or characterize the letter JSX received from the County, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein.  Plaintiffs refer to the document for a full and complete statement of its content.  Plaintiffs deny the remaining allegations of paragraph 192 of the Counterclaim.

193.   Plaintiffs deny the allegations of paragraph 193 of the Counterclaim.

194. Plaintiffs admit that on February 15, 2022, JSX responded to the County's February 7, 2022 letter, and explained that under federal law the TUP does not apply to Part 380 operators like JSX. Plaintiffs deny the remaining allegations of paragraph 194 of the Counterclaim.

195. Plaintiffs deny the allegations of paragraph 195 of the Counterclaim.

## COUNT ONE

### (For Declaratory Relief)

196. In response to paragraph 196, Plaintiffs repeat and reallege each response to paragraphs 158 through 195 as though set forth in full herein.

197. Paragraph 197 of the Counterclaim contains conclusions of law, which do not require a responsive pleading.

198. Plaintiffs admit the allegations of paragraph 198 of the Counterclaim except Plaintiffs deny that the controversy is limited to whether the TUPs apply to Plaintiffs, but also includes whether the TUPs and Policy No. 1 are preempted by federal law and whether the County's actions violate the Equal Protection Clause of the United States Constitution.

199. Plaintiffs admit the first sentence of paragraph 199 of the Counterclaim. Plaintiffs further admit that the acceptance and receipt of federal grant money obligates the airport sponsor, i.e., the County, to comply with statutorily enumerated obligations, known as "Grant Assurances." Plaintiffs deny the allegations of the second sentence of paragraph 199 of the Counterclaim. To the extent the third sentence of paragraph 199 purports to describe, quote or characterize Grant Assurance 22, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete

statement of its content. Plaintiffs deny the remaining allegations of paragraph 199 of the Counterclaim.

200. To the extent paragraph 200 purports to describe, quote or characterize Policy No. 1, the document speaks for itself, should be read as a whole, and provides only as expressly stated therein. Plaintiffs refer to the document for a full and complete statement of its content. Plaintiffs deny the remaining allegations of paragraph 200 of the Counterclaim.

201. Plaintiffs deny the allegations of paragraph 201 of the Counterclaim.

202. Plaintiffs deny the allegations of paragraph 202 of the Counterclaim.

203. Plaintiffs deny the allegations of paragraph 203 of the Counterclaim.

204. Plaintiffs admit that they have stated that the TUPs are different than the laws at many other airports; however, as set forth in the Complaint, that fact is not why the TUPs are preempted. Plaintiffs deny the remaining allegations of paragraph 204 of the Counterclaim.

205. Paragraph 205 of the Counterclaim contains conclusions of law, which do not require a responsive pleading.

206. Plaintiffs deny the allegations of paragraph 206 of the Counterclaim.

## COUNT TWO

### (For Permanent Injunction)

207. In response to paragraph 207, Plaintiffs repeat and reallege each response to paragraphs 158 through 206 as though set forth in full herein.

208. Plaintiffs deny the allegations of paragraph 208 of the Counterclaim.

209. Plaintiffs deny the allegations of paragraph 209 of the Counterclaim.

210. Plaintiffs deny the allegations of paragraph 210 of the Counterclaim.

211. Plaintiffs deny the allegations of paragraph 211 of the Counterclaim.

212. Plaintiffs deny the allegations of paragraph 212 of the Counterclaim.

213. Plaintiffs assert that no response is required to the prayer for relief on page 131 of the Counterclaim. To the extent that the prayer for relief may be deemed to allege any factual or legal entitlement to the relief requested, Plaintiffs deny each and every such allegation and specifically deny that the County is entitled to any relief, including, but not limited to, the relief requested in subparts a through c thereof.

## AFFIRMATIVE DEFENSES

### AS FOR THE FIRST AFFIRMATIVE DEFENSE

214. As a separate affirmative defense to the Counterclaim, Plaintiffs allege that the Counterclaim, and each purported cause of action therein, is barred because the County has failed to state a claim upon which relief can be granted.

### AS FOR THE SECOND AFFIRMATIVE DEFENSE

215. As a separate affirmative defense to the Counterclaim, Plaintiffs allege that the Counterclaim, and each purported cause of action therein, is barred because the local laws the County seeks to enforce against Plaintiffs are preempted by federal law.

### AS FOR THE THIRD AFFIRMATIVE DEFENSE

216. As a separate affirmative defense to the Counterclaim, Plaintiffs allege that the Counterclaim, and each purported cause of action therein, is barred because the enforcement of the local laws would constitute a denial of Plaintiffs' rights to Equal Protection under 42 U.S.C. § 1983.

### AS FOR THE FOURTH AFFIRMATIVE DEFENSE

217. As a separate affirmative defense to the Counterclaim, Plaintiffs allege that the Counterclaim, and each purported cause of action therein, is barred by the doctrines of waiver,

estoppel, laches, and/or other equitable defenses.

## AS FOR THE FIFTH AFFIRMATIVE DEFENSE

218. Plaintiffs reserve the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

July 11, 2022

By: /s/ Steven D. Allison
Steven D. Allison
TROUTMAN PEPPER HAMILTON
SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
949.622.2700
steven.allison@troutman.com

*Attorneys for Plaintiffs*

127442155