Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545

troutman.com

**troutman**

**Steven D. Allison**
steven.allison@troutman.com

November 23, 2022

**VIA ECF**
Honorable Philip M. Halpern
United States District Court
Charles L. Brieant Federal Courthouse
300 Quorropas Street
White Plains, New York 10601-4150

> Application for a discovery conference granted. A
> telephone conference has been scheduled for 12/21/2022
> at 2:30 p.m. At the time of the scheduled conference, all
> parties shall call the following number: (888) 398-2342;
> access code 3456831.
>
> SO ORDERED.
>
> _[signature]_
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> November 28, 2022

**Re:** *Delux Public Charter, LLC, et al. v. County of Westchester, et al.* **(Index No. 22-cv-01930)**

Dear Judge Halpern:

Pursuant to Rule 4.D and Local Rule 37.2, Plaintiffs Blade Urban Mobility, Inc. ("Blade");

JetSuiteX, Inc. ("JetSuiteX"); Delux Public Charter, LLC d/b/a JSX Air ("Delux"); and XO Global

LLC ("XO") (collectively "Plaintiffs") request a pre-motion discovery conference and submit this

pre-motion joint letter with Defendant County of Westchester, New York ("County").[1]

<u>**Plaintiffs' Position**</u>

I.      **The County Should Be Compelled to Include as Custodians the Members of the Board
        of Legislators ("BOLs") That Approved the Commencement of this Lawsuit**

        The County raised a blanket objection that all members of the Westchester County BOLs

are irrelevant custodians, but Plaintiffs are not seeking to include all of the BOLs. Rather, Plaintiffs

narrowly request that members of the Budget and Appropriation Committee and Law and Major

Contracts Committee (collectively the "Committees") be included as custodians, because they

approved and executed Act No. 7 – 2022 (the "Act"). The Act authorized the County to commence

legal action against Plaintiffs for their alleged violation of Section 712.462 of the Laws of

Westchester County by operating flights at Fixed Base Operator spaces ("FBOs"), rather than the

---

[1] Numerous e-mails and letters regarding the issues raised here have been exchanged, and counsel for the Parties met
and conferred on September 28, 2022 for approximately 120 minutes, before submitting this letter.

Honorable Philip M. Halpern
November 23, 2022
Page 2



main passenger terminal at the Airport – i.e., the subject of this litigation. The Committee members that executed and approved the Act are: Colin D. Smith, Nancy E. Barr, MaryJane Shimsky, Jewel Williams Johnson, Catherin Borgia, Catherine F. Parker, David J. Tubiolo, Vedat Gashi, Damon R. Maher, Erika L. Pierce, Tyrae Woodson-Samuels and James Nolan ("Committee Members").

Documents and communications by and between the Committee Members regarding the enforcement and Plaintiffs' alleged violation of Section 712.462 are directly relevant. Moreover, the Act authorized the commencement of legal action against "certain airlines" that operate at the Airport, which are not identified in the Act. To the extent the Committee Members identified or discussed airlines, other than Plaintiffs, and treated those airlines differently from Plaintiffs this is relevant to Plaintiffs' Third Cause of Action (Deprivation of Equal Protection). Plaintiffs offered to potentially limit this request to some subset of the above Committee (for instance a Chair or Vice-Chair), but the County still asserted their blanket objection. Therefore, Plaintiffs respectfully request that the Court compel the County to include the Committee Members as custodians.

## The County's Position

Plaintiffs seek documents from 12 of the 17 members of the BOL. These legislators' only involvement in this dispute was to authorize the Office of County Attorney, via Act No. 7-2022, to initiate the related *state* court action (which was dismissed by stipulation). Such authorization is required by local law (County Code § 158.11); no such authorization was required for this Office to defend the *instant* action, in which the BOL has no role. Regardless, the phrase "certain airlines" in the Act simply reflects that when it was drafted, the identity of all airlines in violation of the Terminal Use Procedures (the TUPs, *i.e.* County Code § 712.462) was uncertain. In other words, via the Act, the BOL broadly authorized legal action against *any* airline operating at the

Case 7:22-cv-01930-PMH Document 73 Filed in NYSD on 11/23/2022 Page 3 of 6

Honorable Philip M. Halpern
November 23, 2022
Page 3



Airport in violation of the TUPs. The Act does not name the Plaintiffs.

In its next rolling production (our fifth since September 23rd), the County will produce the minutes of the two committees' Jan. 31, 2022 meeting,[2] at which they advanced the Act out of committee. The County will also produce minutes of the Feb. 7, 2022 meeting at which the entire BOL voted for the Act, thus authorizing litigation against any airline in violation of the TUPs.

**II.    The County Should be Compelled to Include George Latimer As A Custodian**

The County objected to including Mr. Latimer as a custodian on the assertion he is not a relevant custodian. But Mr. Latimer is the County Executive and the County is unlawfully preventing Plaintiffs from operating at the Airport. Furthermore, prior to becoming the Westchester County Executive, he served on the BOLs and voted for Section 712.462. All documents concerning the intended application of Section 712.462 and whether it was to be enforced against direct air carriers, such as Plaintiffs, is relevant to Plaintiffs' First and Second Causes of Action related to preemption. Moreover, part of the County's objection to including the BOLs as custodians was that the County's Executive office made the relevant decisions here. As such, Plaintiffs request that the Court compel the County to include Mr. Latimer as a custodian.

<u>**The County's Position**</u>

The County Executive is not "unlawfully preventing Plaintiffs from operating at the Airport," given that enforcement of the TUPs against Plaintiffs has been stayed pending the outcome of this litigation. The County has honored this stay to the letter, and Plaintiffs have continued to operate at the Airport. The instant litigation is about the County's right to enforce its TUPs, and whether they are preempted by federal law. It is, in other words, a question of law.

---

[2] The vote is of course a matter of public record, and a video of the joint committee meeting is available at: https://westchestercountyny.granicus.com/MediaPlayer.php?view_id=1&clip_id=1186.



Neither Mr. Latimer's current position as County Executive nor his prior position as a County legislator are relevant to adjudicating this question.

Mr. Latimer is the highest-ranking elected official in a county of one million people. He is not involved in the Airport's day-to-day operations, which is the province of AvPorts under the direction of Joan McDonald, the County's Director of Operations. The County has collected documents from, *inter alia*, Ms. McDonald; from AvPorts' current and former Airport directors; from the deputy Airport director; and from the Westchester Commissioner of Public Works & Transportation. All of them are available for deposition; there is no basis to add Mr. Latimer.

## III. The County Should be Compelled to Provide Further Responses to Plaintiffs' RFPs

The County improperly objected to RFP No. 17, which seeks all documents concerning Plaintiffs. As a result, Plaintiffs proposed all documents concerning their routine operations at HPN, but the County rejected the narrowed request. The County also objected to RFP No. 28, which seeks all communications between the County and other airport operators relating to Part 380 operations. Plaintiffs agreed to limit this RFP to (1) communications with other airports concerning rules and regulations for Part 380 operators or (2) Plaintiffs. But the County rejected this compromise as well. Given the relevance of these issues, Plaintiffs request that the Court compel the County to provide further responses to RFP Nos. 17 and 28.

## The County's Position

Communications with "other airports" are irrelevant. No other airport is covered by Section 712.462 of the Laws of Westchester County, and no other airport is the subject of the FAA's 2004 letter which "grandfathered" that law under the Airport Noise & Capacity Act.

The time/expense required to collect and review "all documents concerning Plaintiffs" is not proportional to the needs of this case, especially given Plaintiffs' insistence that the County go



back to 2015 (our dispute did not arise until 2020-21); the number of County custodians on which Plaintiffs are insisting; and Plaintiffs' insistence that the County search (without limitation) "text messages, letters, e-mails, notes, reports, voicemails, audio/video recordings and memoranda."

## IV.     Plaintiffs Should Be Allowed to Take Up to Twelve Depositions

In light of the many complicated factual issues, legal issues, and the number of parties, Plaintiffs believe that taking an additional two depositions beyond the ten permitted by Rule 30 is appropriate in this case.  Further, Plaintiffs request the Court overrule the County's objection and allow Plaintiffs to depose the following three witnesses who were directly involved in the events at issue: Mr. Latimer (Westchester County Executive), Kenneth Jenkins (Westchester Deputy County Executive who sent emails to Plaintiffs' clients asserting they were breaking the law), and Mary Jane Shimsky (Chair of Public Works and Transportation Committee, Board of Legislators).

## <u>The County's Position</u>

There are few (if any) material disputes of fact in this case, as the Court recognized in setting our strict discovery timeline. This dispute is one of law, on which numerous factual depositions will shed little light.  The County anticipates taking no more than 4-5 fact depositions.

The irrelevance of both County Executive Latimer and Legislator Shimsky is set forth above; as for Deputy CE Jenkins, his only involvement in this case has been to respond to several constituent form letters, apparently drafted by Plaintiffs and sent from Plaintiffs' customers ***on Plaintiffs' behalf***.  Mr. Jenkins' responses have simply restated the County's position (which has not changed throughout this litigation) that Plaintiffs are operating in violation of the TUPs. Notably, Defendants have already compromised on or conceded to most of Plaintiffs' numerous discovery demands, down to and including the precise wording of document searches.  Plaintiffs' remaining, excessive discovery demands are disproportionate to the needs of this case.



---

Respectfully submitted,


_____/s/ Samrah R. Mahmoud_____                    _____/s/ David H. Chen_____
Samrah R. Mahmoud (admitted *pro hac vice*)                    David H. Chen


cc: Counsel of Record (via CM/ECF)