# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC d/b/a JSX AIR and JETSUITEX, INC.; XO GLOBAL, LLC; and BLADE URBAN AIR MOBILITY, INC., <br><br> Plaintiffs, <br><br> -against - <br><br> COUNTY OF WESTCHESTER, NEW YORK, a charter company, <br><br> Defendant. | **DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> Civil Action No. <br> 22-cv-1930 (PMH) |

Defendant County of Westchester, New York ("Defendant"), by and through Sean T. Carey, Senior Assistant County Attorney, of counsel to John M. Nonna, Westchester County Attorney, submits the following response to Plaintiffs' First Set of Request for Production of Documents (the "Document Demands").

## PRELIMINARY STATEMENT

1.      Defendant's investigation and development of all facts and circumstances relating to this action are ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

2.      By making the following responses and objections, Defendant does not waive and hereby expressly reserves its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Further, Defendant makes the responses and objections herein without in any way implying that it considers the requests and/or its responses to the requests to be relevant or material to the subject matter of this action.

3.      Defendant will produce responsive documents only to the extent that such documents are in its possession, custody, or control, as set forth in the Federal Rules of Civil Procedure.   Defendant's possession, custody, or control does not include any constructive possession that may be conferred by Defendant's right or power to compel the production of documents or information from third parties.

4.      A response to a document request stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Defendant performed any of the acts described in the document request or definitions and/or instructions applicable to the document request, or that Defendant acquiesces in the characterization of the conduct or activities contained in the document request or definitions and/or instructions applicable to the document request.

5.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

1.      Defendant objects to each document request to the extent it seeks discovery that is not relevant to Plaintiffs' claims in this action—*i.e.*, that Defendant's conduct is preempted by the Airline Deregulation Act ("ADA"), is prohibited by the Airport Noise and Capacity Act ("ANCA"), and constitutes an equal protection deprivation—Defendant's defenses, or Defendant's counterclaims.   Any documents not relevant to Plaintiffs' claims, Defendant's defenses, or Defendant's counterclaims will not be produced.

2.      Defendant objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different

from those under the Federal Rules of Civil Procedure, the local district rules, and/or the applicable rules and orders of the Court.

3.      Defendant objects to each document request that is overly broad, unduly burdensome, not relevant to any party's claim or defense, or not proportional to the case's needs.

4.      Defendant objects to each instruction, definition, and document request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney-work-product doctrine, or any other applicable privilege. Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

5.      Defendant objects to each instruction, definition, and document request to the extent that it seeks documents that are publically available.

6.      Defendant incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.  Moreover, Defendant does not waive its right to amend its responses.

**DEFENDANT'S RESPONSES TO PLAINTIFFS' DOCUMENT DEMANDS**

**Document Demand No. 1:**

> 1.      ALL COMMUNICATIONS and DOCUMENTS CONCERNING POLICY NO. 1.

RESPONSE:  Defendant objects to this Document Demand on the ground that it is overly broad and not proportional to the needs of the case.  Subject to these and the foregoing General Objections, and reasonably limiting this request to seek documents and communications

concerning Policy No. 1 that are relevant to Plaintiffs' claims, Defendant's defenses, or Defendant's counterclaims, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Court's Civil Case Discovery Plan and Scheduling Order (the "Scheduling Order") and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 2:**

> 2.      ALL COMMUNICATIONS and DOCUMENTS CONCERNING the TUP's or SECTION 712.462's application to PART 135 operators, PART 380 operators, or operators that directly or indirectly offer any air service to or from HPN by enplaning or deplaning passengers at a FBO or a NON-SIDA location at HPN.

RESPONSE: Defendant objects to this Document Demand on the ground that it is overly broad and not proportional to the needs of the case.  Subject to these and the foregoing General Objections, and reasonably limiting this request to seek documents and communications concerning this request that are relevant to Plaintiffs' claims, Defendant's defenses, or Defendant's counterclaims, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 3:**

> 3.      ALL COMMUNICATIONS and DOCUMENTS CONCERNING YOUR consideration of allowing PLAINTIFFS to conduct operations from an FBO or a NON-SIDA location at HPN.

RESPONSE: Defendant objects to this Document Demand on the ground that it is overly broad and not proportional to the needs of the case.   Subject to these and the foregoing General Objections, and reasonably limiting this request to seek documents and communications concerning this request that are relevant to Plaintiffs' claims, Defendant's defenses, or Defendant's counterclaims, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 4:**

> 4.      ALL DOCUMENTS CONCERNING or COMMUNICATIONS with the FAA, DOT, TSA, or any federal agency CONCERNING promulgation, approval of, or implementation of the TUP or SECTION 712.462.

RESPONSE: Subject to the foregoing General Objections, and reasonably limiting this request to seek documents and communications concerning this request that are relevant to Plaintiffs' claims, Defendant's defenses, or Defendant's counterclaims, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 5:**

> 5.      ALL DOCUMENTS CONCERNING or COMMUNICATIONS with the FAA, DOT, TSA, or any federal agency CONCERNING promulgation, approval of, or implementation of POLICY NO. 1.

RESPONSE: Defendant does not possess any responsive documents.

**Document Demand No. 6:**

> 6.      ALL DOCUMENTS or COMMUNICATIONS supporting the contention that YOUR application of TUP or SECTION 712.462 to PART 135 and PART 380 operators received approval from FAA, DOT, TSA, or any other federal agencies.

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 7:**

> 7.      ALL DOCUMENTS and COMMUNICATIONS establishing that YOU fully complied with ALL required federal administrative procedures in the implementation of the TUP and SECTION 712.462, including but not limited to procedures under PART 161.

RESPONSE:  Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 8:**

> 8.      ALL DOCUMENTS and COMMUNICATIONS establishing that YOU fully complied with ALL required federal administrative procedures in the implementation of POLICY No. 1, including but not limited to procedures under PART 161.

RESPONSE: Defendant denies that Policy No. 1's publication is or was subject to federal administrative procedures.  Defendant therefore does not possess any responsive documents.

**Document Demand No. 9:**

> 9.      ALL DOCUMENTS and COMMUNICATIONS establishing that YOUR application of the TUP, SECTION 712.462, and Policy No. 1 to PLAINTIFFS, or other PART 135 and PART 380 operators, is exempt or grandfathered under the Airport Noise and Capacity Act.

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 10:**

> 10.      ALL DOCUMENTS and COMMUNICATIONS establishing that YOUR application of the TUP, SECTION 712.462, and Policy No. 1 to PLAINTIFFS, or other PART 135 and PART 380 operators, fall within the proprietor exception in the Airline Regulation Act.

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 11:**

> 11.    ALL DOCUMENTS and COMMUNICATIONS CONCERNING potential reasons, review of, or consideration of implementing, enforcing, or applying the TUP, SECTION 712.462, or POLICY NO. 1 to PLAINTIFFS or any operators that directly or indirectly offer any air service to or from HPN that enplane or deplane passengers outside of the main terminal.

RESPONSE:  Defendant objects to this Document Demand on the ground that it is overly broad and not proportional to the needs of the case.  Subject to these and the foregoing General Objections, and reasonably limiting this request to seek documents and communications concerning this request that are relevant to Plaintiffs' claims, Defendant's defenses, or Defendant's counterclaims, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 12:**

> 12.    ALL DOCUMENTS and COMMUNICATIONS CONCERNING HPN's main terminal's current allocations to air carriers and airport users.

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 13:**

> 13.     ALL DOCUMENTS and COMMUNICATIONS including (without limitation) text messages, letters, e-mails, notes, reports, voicemails, audio/video recordings and memoranda CONCERNING prohibition of operations at any FBO by Single-Seat Charter Operators as defined in POLICY NO. 1 or any airport user providing a Passenger Service as defined in SECTION 712.462.

RESPONSE: Defendant objects to this Document Demand on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Defendant further objects to the search of text messages, voicemails, and audio/video records as wholly out of proportion to the needs of the case.  Subject to these and the foregoing General Objections, and reasonably limiting this request to seek documents and communications concerning this request that are relevant to Plaintiffs' claims, Defendant's defenses, or Defendant's counterclaims, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 14:**

> 14.     All DOCUMENTS and COMMUNICATIONS establishing the first time any PART 380 operator (including PLAINTIFFS) used an FBO at HPN.

RESPONSE:  Defendant objects to this Document Demand on the ground that it is overly broad and not proportional to the needs of the case.  Therefore, Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence.

**Document Demand No. 15:**

> 15.     All DOCUMENTS and COMMUNICATIONS establishing the first time a
> "Single Seat Charter Operator" as defined in POLICY NO. 1 used an FBO at HPN.

RESPONSE:  Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 16:**

> 16.     All DOCUMENTS and COMMUNICATIONS relating to current and historical
> legislative materials concerning the adoption and implementation of the TUP, Section 712.462,
> and POLICY NO. 1.

RESPONSE:  Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 17:**

> 17.     All DOCUMENTS and COMMUNICATIONS relating to PLAINTIFFS,
> including (without limitation) text messages, letters, e-mails, notes, reports, voicemails,
> audio/video recordings and memoranda.

RESPONSE: Defendant objects to this Document Demand on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Defendant further objects to the search of text messages, voicemails, and audio/video records as wholly out of proportion to the needs of the case.  Therefore, Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence.

**Document Demand No. 18:**

> 18.    All DOCUMENTS and COMMUNICATIONS relating to the reason(s) for adopting a 9-seat limitation for "Airline" in SECTION 712.462 and "Single Seat Charter Operators" in POLICY NO. 1.

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 19:**

> 19.    All minutes of meetings of the Westchester County Board of Legislators or any other Committee of the Westchester County Board of Legislators relating to the TUP, SECTION 712.462, or POLICY NO. 1.

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 20:**

> 20.    All DOCUMENTS and COMMUNICATIONS relating to the departure slot system at HPN.

RESPONSE: Defendant objects to this Document Demand on the ground that it is overly broad and not proportional to the needs of the case.  Additionally, Defendant notes that it has already provided, at Plaintiffs' request, documents relating to the departure slot system and voluntarily answered, in writing, a number of Plaintiffs' queries about same.  Therefore, Defendant

will not conduct a search related to this request, which is also not reasonably calculated to lead to the discovery of admissible evidence.  Defendant will, however, provide additional copies of those documents already provided to Plaintiff last Spring.

**Document Demand No. 21:**

> 21.     All DOCUMENTS and COMMUNICATIONS relating to any and all operations of any aircraft with more than nine seats under PART 135 at HPN.

RESPONSE:  Defendant objects to this Document Demand on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Therefore, Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence and lacks sufficient precision to permit a response.

**Document Demand No. 22:**

> 22.     All DOCUMENTS and COMMUNICATIONS relating to any and all operations of any aircraft with more than nine seats under PART 380 at HPN.

RESPONSE: Defendant objects to this Document Demand on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Therefore, Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence and lacks sufficient precision to permit a response.

**Document Demand No. 23:**

> 23.     All DOCUMENTS and COMMUNICATIONS relating to any safety or security incidents that have occurred on flights to or from HPN, which were operated by PART 121 operators.

RESPONSE:  Defendant objects to this Document Demand on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Therefore, Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence and lacks sufficient precision to permit a response.

**Document Demand No. 24:**

> 24.     All DOCUMENTS and COMMUNICATIONS relating to any safety or security incidents that have occurred on flights to or from HPN, which were operated by PART 135 operators.

RESPONSE:  Defendant objects to this Document Demand on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Therefore, Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence and lacks sufficient precision to permit a response.

**Document Demand No. 25:**

> 25.     All DOCUMENTS and COMMUNICATIONS relating to any ski clubs or other affinity tours ever operated at HPN.

RESPONSE: As set forth in Defendant's answer to Plaintiffs' Interrogatory No. 8, Defendant is unaware of any ski clubs or other affinity tours ever operated at HPN.  Therefore,

Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence and lacks sufficient precision to permit a response.

**Document Demand No. 26:**

> 26.     All DOCUMENTS and COMMUNICATIONS relating to any and all charter flights affiliated with the Discovery Land Company, which were operated under PART 380 from HPN, including but not limited to, flights to BZN, MHH, or TCB.

RESPONSE: As set forth in Defendant's answer to Plaintiffs' Interrogatory No. 9, Defendant is unaware of "any charter flights affiliated with the Discovery Land Company, which were operated under PART 380 from HPN."  Therefore, Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence and lacks sufficient precision to permit a response.

**Document Demand No. 27:**

> 27.     All DOCUMENTS and COMMUNICATIONS relating to any and all charter flights operated under PART 380 from HPN, including but not limited to, flights to BZN, MHH, or TCB.

RESPONSE:  Defendant objects to this Document Demand on the ground that it is overly broad and not proportional to the needs of the case.  Therefore, Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence and lacks sufficient precision to permit a response.

**Document Demand No. 28:**

> 28.     All COMMUNICATIONS between YOU and any other airports or airport operators relating to PART 380 operations by any operator.

RESPONSE:  Defendant objects to this Document Demand on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Therefore, Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence and lacks sufficient precision to permit a response.

**Document Demand No. 29:**

> 29.     All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 173 of the COUNTERCLAIM that "[s]o long as those flights are on aircraft with nine seats or fewer, the TUPs do not apply because the definition of 'Airline' is not met."

RESPONSE:  Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 30:**

> 30.     All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 178 of the COUNTERCLAIM that "per the TUPs, the definition of 'Passenger Service' applies 'regardless of whether such individual seats are offered or sold directly by the aircraft operator, a charterer, another Airline, or any other entity.'"

RESPONSE:  Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 31:**

> 31.      All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 179 of the COUNTERCLAIM that "[i]n mid-2021, the County and Avports determined that flights such as those described above violate the TUPs, to the extent they involve individual-seat sales, are offered to 'the public or a segment of the public,' and are flown on aircraft containing more than nine (9) seats from an FBO as opposed to from the Airport terminal by an operator with a Terminal Use agreement and Ramp Allocation."

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 32:**

> 32.      All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 191 of the COUNTERCLAIM that "[a]s evidenced by the document itself, Public Charter Operational Policy represented both a determination of the applicability of a long-standing law to a newly emerging business model and a proposed accommodation to that business model on a going-forward basis."

RESPONSE:  Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 33:**

> 33.     All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 195 of the COUNTERCLAIM that "there are two separate and equally-acceptable ways in which Plaintiffs may come into compliance with County law.  First, the air charter brokers (Blade, JSX, and XO) can permanently cease their practice of selling tickets for individual seats on flights with more than nine seats to 'the public or a segment of the public.'  Second, the operators (Contour and Delux) can enter into TUAs, obtain Ramp Allocations, and operate the flights in question from the Airport terminal."

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 34:**

> 34.     All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 199 of the COUNTERCLAIM that "[t]his requirement does not require an airport sponsor to accommodate all operators at its FBOs simply because that is their business preference.  The essence of Grant Assurance 22 is that the sponsor must not 'unjustly' discriminate, but sponsors may and do treat differently distinct categories of users, to wit: the new category of 'Single Seat Charter Operations' (see Ex.C) vs. the whole aircraft, Part 135 On-Demand charter operations that have long been served at Airport FBOs."

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 35:**

35.    All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 200 of the COUNTERCLAIM that "Plaintiffs have been treated no differently than any other Single Seat Charter Operator."

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 36:**

36.    All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 201 of the COUNTERCLAIM that "if Plaintiffs were permitted to conduct this type of operation at the FBOs, despite County law to the contrary, the County could in fact be accused of unjustly discriminating against other airlines that offer single-seat sales to 'the public or a segment of the public' on aircraft with more than nine seats, such as United, Delta, and jetBlue, all of whom operate from the Airport terminal pursuant to a TUA."

RESPONSE: Defendant notes that the allegation involves a conditional statement involving an event that has not occurred and for which there can be no evidence.  Subject to that qualification and the foregoing General Objections, Defendants will produce non-privileged documents responsive to this request, if any exist, on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 37:**

> 37.     All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 202 of the COUNTERCLAIM that "[t]he County's TUPs do not conflict with 49 U.S.C. § 41713(b)(1)."

RESPONSE:  Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 38:**

> 38.     All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 202 of the COUNTERCLAIM that the "TUPs do not regulate prices, routes or services of an air carrier; they are simply the long-standing mechanism by which the County 'carr[ies] out its proprietary powers and rights,' as permitted under 49 U.S.C. § 41713(b)(3), such as its power to regulate traffic at the Airport terminal."

RESPONSE:  Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 39:**

> 39.      All DOCUMENTS and COMMUNICATIONS relating to YOUR contention in paragraph 203 of the COUNTERCLAIM that "the TUPs [do not] conflict with the Airport Noise and Capacity Act of 1990 ('ANCA'), which limits the ability of airport sponsors to impose new noise or access restrictions."

RESPONSE:  Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 40:**

> 40.      All DOCUMENTS that support YOUR claim for declaratory relief in the COUNTERCLAIM.

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 41:**

> 41.      All DOCUMENTS that support YOUR claim for injunctive relief in the COUNTERCLAIM.

RESPONSE: Subject to the foregoing General Objections, Defendant will produce non-privileged documents responsive to this request on a rolling basis in accordance with the Scheduling Order and other timelines and limiting criteria to which the parties may agree.

**Document Demand No. 42:**

| |
|---|
| 42.      All DOCUMENTS YOU intend to rely on at trial. |

RESPONSE: Defendant objects to this Document Demand on the ground that it is premature.  Defendant responds further that it will identify exhibits for any trial of this matter in accordance with the Federal Rules of Practice, the Local Civil Rules, and the Individual Rules and pretrial order of the Honorable Philip M. Halpern (or the judge presiding over any trial of this action).

**Document Demand No. 43:**

| |
|---|
| 43.      All DOCUMENTS or COMMUNICATIONS (other than with YOUR counsel) relating to this lawsuit. |

RESPONSE: Defendant objects to this Document Demand on the ground that it is overly broad, unduly burdensome, ambiguous, vague, and not proportional to the needs of the case. Therefore, Defendant will not conduct a search related to this request, which is not reasonably calculated to lead to the discovery of admissible evidence and lacks sufficient precision to permit a response.

*[Remainder of Page Intentionally Left Blank]*

**PLEASE TAKE NOTICE** that Defendant expressly reserves the right to supplement

any portion of this response should additional information become available

DATED:   White Plains, New York
              September 1, 2022

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for Defendant*

By _____
Sean T. Carey (SC8804)
Sr. Assistant County Attorney, of Counsel
Michaelian Office Building
148 Martine Avenue, Room 600
White Plains, New York 10601
(914) 995-2243
stca@westchestergov.com

TO:   Steven D. Allison, Esq. (*via E-Mail*)
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        *Counsel for Plaintiff*
        5 Park Plaza, Suite 1400
        Irvine, CA 92614
        Steven.Allison@troutman.com

        Samrah Mahmoud, Esq. (*via E-Mail*)
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        *Counsel for Plaintiff*
        5 Park Plaza, Suite 1400
        Irvine, CA 92614
        samrah.mahmoud@troutman.com

        Nicholas J. Schuchert, Esq. (*via E-Mail*)
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        *Counsel for Plaintiff*
        5 Park Plaza, Suite 1400
        Irvine, CA 92614
        nicholas.schuchert@troutman.com