UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC d/b/a JSX AIR and JETSUITEX, INC.; XO GLOBAL, LLC; and BLADE URBAN AIR MOBILITY, INC., <br><br> Plaintiffs, <br> - vs – <br><br> COUNTY OF WESTCHESTER, NEW YORK, a charter company, <br><br> Defendant. | **STIPULATION AND [PROPOSED] ORDER RE EXPERT WITNESS DISCLOSURES** <br><br> **22-cv-1930 (PMH)** |

**WHEREAS,** on December 15, 2022, Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.; XO Global, LLC; and Blade Urban Air Mobility, Inc. (collectively, "Plaintiffs") served on Defendant County of Westchester, New York ("the County") Plaintiffs' Expert Witness Disclosures Pursuant to Rule 26(a)(2)(C);

**WHEREAS,** out of an abundance of caution and to avoid objections by the County to perceived non-disclosed expert witnesses, Plaintiffs' Expert Disclosures listed certain corporate representatives as witnesses (David Drabinsky, Jen Lozada, and Melissa Tomkiel) who may give opinion testimony but who were not specifically retained by Plaintiffs to provide expert testimony;

**WHEREAS,** the Parties met and conferred regarding Plaintiffs' Expert Disclosures and have agreed that the disclosed witnesses may offer lay witness opinion testimony under Federal Rule of Evidence 701, but will not offer expert witness testimony, and Plaintiffs will therefore not seek to qualify them as experts under Federal Rules of Evidence 702 and 703; and

**WHEREAS,** the County accordingly intends to depose the foregoing witnesses as fact witnesses (in their individual capacities, in addition to their capacities as the Rule 30(b)(6) designees for their respective employers), but not as expert witnesses;

In light of the foregoing, Plaintiffs and the County, by and through their counsel of record, hereby stipulate as follows:

**IT IS HEREBY STIPULATED AND AGREED,** that Plaintiffs may offer the lay opinion testimony of the three above-named disclosed corporate representatives under Federal Rule of Evidence 701, without objection from the County based on the adequacy of their disclosure under Rule 26(a)(2) or that their testimony is improper expert testimony under Federal Rules of Evidence 702 and 703.

**IT IS FURTHER STIPULATED AND AGREED,** that as a result of the above stipulation, neither party has disclosed or intends to call any expert witnesses or rebuttal expert witnesses.

| | |
|---|---|
| DATED: White Plains, New York<br>January 17, 2023 | */s/ David H. Chen*<br>John Nonna, Esq.<br>David H. Chen, Esq.<br>OFFICE OF THE WESTCHESTER COUNTY ATTORNEY<br>148 Martine Avenue, Suite 600<br>White Plains, NY 10601<br>Jmn5@westchestergov.com<br>dhca@westchestergov.com<br>(914) 995-3616<br>*Counsel for Defendant Westchester County* |
| DATED: White Plains, New York<br>January 17, 2023 | */s/ Steven D. Allison*<br>Steven D. Allison, Esq.<br>Samrah R. Mahmoud, Esq.<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>5 Park Plaza. Suite 1400<br>Irvine, California<br>steven.allison@troutman.com<br>samrah.mahmoud@trotuman.com<br>(949) 622-2703<br>*Counsel for Plaintiffs* |

SO ORDERED: _____