UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DELUX PUBLIC CHARTER, LLC, et al.,

                           Plaintiffs,

            -against-

COUNTY OF WESTCHESTER, et al.,

                     Defendants.
---------------------------------------------------------X

**<u>ORDER</u>**

22-CV-01930 (PMH)

PHILIP M. HALPERN, United States District Judge:

        Counsel for all parties appeared in person for a case management conference. The Court heard argument from the parties concerning the two discovery disputes that had been raised by joint letter. (Doc. 86). The Court reserved ruling on both disputes, and directed Defendant to produce, *in camera*, the three documents that are the subject of Plaintiffs' first request.

        After reviewing the parties' joint letter, considering the arguments made by counsel at the conference, and having reviewed the documents produced *in camera*, the Court DENIES Plaintiffs' request to compel production.

        As an initial matter, these issues first arose in December 2022 when the County produced documents and its privilege log to Plaintiffs. The deadline to complete fact discovery expired on January 27, 2023.[1] (Doc. 72). The discovery dispute was not raised with the Court until March 6, 2023. The untimeliness factor alone supports denial of the requested production. Delay notwithstanding, the Court nonetheless would not direct production of the February 28, 2019 e-

---

[1] Fact discovery, pursuant to the Civil Case Discovery Plan and Scheduling Order, was to be completed by January 27, 2023. (Doc. 64). The Court extended, on request of the parties, the deadline to complete non-expert depositions to February 17, 2023 and stated that "[a]ll other deadlines set forth in the Civil Case Discovery Plan and Scheduling Order . . . remain in effect." (Doc. 72).

mail summarizing the conclusions of a memorandum authored by the County's outside aviation counsel; the February 4, 2019 memorandum authored by the County's outside aviation counsel; and the March 15, 2019 memorandum from the County Attorney. Plaintiffs' rationale for production of these documents is that the County has taken a different position as regards applicability of the TUPs to Plaintiffs than was set forth in the 2019 memoranda and that the County's knowledge that Plaintiffs have been operating in their current manner since 2015 has been put at issue. Even if those grounds suffice as "relevant to any party's claim or defense and proportional to the needs of the case . . . " (Fed. R. Civ. P. 26(b))—and it is not clear to the Court they do—the documents are protected by attorney-client privilege.

As discussed at the conference, the privilege applies to communications between the County Attorney and Mr. Schlactus in his capacity as chair of the Westchester County Airport Advisory Board, a statutory County body. WEST. CTY. CODE §§ 158.11(2), 277.221. "A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice. . .  At issue here is the third consideration: whether the communications were made for the purpose of obtaining or providing legal advice, as opposed to advice on policy." *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). The Court's *in camera* review of the subject documents reveals that the communications were "made for the purpose of obtaining or providing legal advice." *Id*.

With respect to Plaintiffs' request for documents concerning the 2016 proposed privatization of the County Airport, in addition to the fact that the request is untimely, it is denied on the grounds the information sought is not relevant to the claims and defenses in this case and proportional to the needs of the case. The proposed privatization predated the instant litigation by

six years and even if such documents generally reference "charter operations," there is no basis to conclude they concern Plaintiffs' operations or the applicability of the TUPs to those operations. In short, Plaintiffs have not overcome their burden to establish that this is anything more than an improper fishing expedition.

Dated:  White Plains, New York
       March 27, 2023

SO ORDERED:

_____
Philip M. Halpern
United States District Judge