# AVP♀RTS

Westchester County Airport
240 Airport Road
Suite 202
White Plains, NY 10604

914.995.4856
www.avports.com

**VIA EMAIL &
CERTIFIED MAIL**

November 5, 2021

David Drabinsky
Vice President of Strategy and Corporate Development
JSX
1341 West Mockingbird Lane
Dallas, TX 75247
david.drabinsky@jsx.com

Dear Mr. Drabinsky:

This letter responds to your email of October 26th. Please note that it has come to my attention that JSX is proposing to operate passenger service and selling seats for purchase from a Fixed Base Operator ("FBO") at the Westchester County Airport ("HPN) namely Signature Flight Support, as opposed to the Terminal.

As required by the Westchester County Code and following review with the relevant County officials and the County's outside aviation counsel, this service *must* be conducted at the Terminal and cannot be conducted at a FBO. Section 712.462(j) of the Westchester County Code, embodying the Westchester County Airport Terminal Use Procedures (the "TUP"), states that "Passenger Service" must be conducted at the Terminal. The TUP define "Passenger Service" as "any air service to or from the Airport for which seats are individually offered or sold to the public *or a segment of the public, regardless* of whether such individual seats are offered or sold directly by the aircraft operator, a charterer, another Airline, or any other entity." WEST. CTY. CODE § 712.462(2)(j) (emphasis added).

<u>**In short, any service that involves aircraft of more than nine seats and individual seat sales to any segment of the public must operate from the Terminal pursuant to a Terminal Use Agreement.**</u>

David Drabinsky                  2                  November 5, 2021

      You emphasize JSX's assertion that these flights are non-scheduled in nature, but that factor, while potentially relevant at other airports, is neither determinative nor relevant under the Westchester County TUP.

      Your email also states that the seat purchases for this proposed service by JSX will only be available to members of a private club. However, a private club in which otherwise unrelated persons purchase individual seats is a segment of the public, particularly when operated as Public Charter flights, no matter how restrictive the club's membership might be. Moreover, the word "regardless" as set forth in the TUP and quoted above clearly evinces an intent by the County Legislature to apply that phrase broadly. This is consistent with the County's grant assurance obligations to the FAA given that this same standard has been applied in the past to commuter airlines providing service at HPN.

      Because the new flight service that JSX is proposing must be considered "Passenger Service" under the duly enacted Westchester County Code, it can only be provided at the HPN Terminal, and may not be operated to and from an FBO. Please note that we are in the process of notifying all of the FBOs as to these requirements to ensure that they are applied uniformly and consistently.

      This service may be conducted from the Terminal based upon entering into a Terminal Use Agreement (a "TUA") provided that the service meets all the requirements of the County Code. If a TUA can be entered into during the 2021 calendar year, then the operator can participate in the January 2022 ramp allocation procedure. If you wish to operate prior to that time, we can also potentially help to obtain interim ramp allocations from either other Terminal operators, or possibly through a special lottery, so as to allow the commencement of service.

      JSX must discontinue these non-compliant services immediately and arrange to move its operations to the Terminal pursuant to a TUA as set forth above. You may contact me with any questions at (914) 995-4887.

Sincerely,

*[signature: sif for Peter Scherrer]*

Peter Scherrer
Airport Manager

cc (via e-mail):  Joan McDonald - Director of Operations
                  Hugh J. Greechan, Jr., P. E. - Commissioner of Public Works & Transportation
                  John Nonna - County Attorney

**AVPORTS**




Westchester County Airport
240 Airport Road
Suite 202
White Plains, NY 10604

914.995.4856
www.avports.com

VIA E-MAIL &
CERTIFIED MAIL

November 5, 2021

Anastasija Snicarenko, Esq.
General Counsel, XO Global, LLC
1901 W. Cypress Creek Road, Suite 6B
Fort Lauderdale, FL 33309
ASnicarenko@FlyXO.com

Dear Ms. Snicarenko:

    Thank you for your October 7th letter on behalf of XO and JetSmarter Inc., regarding a proposed new flight service out of the Westchester County Airport (HPN).

    As required by the Westchester County Code and following review with the relevant County officials and the County's outside aviation counsel, this service *must* be conducted at the Terminal and cannot be conducted at a FBO. Section 712.462(j) of the Westchester County Code, embodying the Westchester County Airport Terminal Use Procedures (the "TUP"), states that "Passenger Service" must be conducted at the Terminal. The TUP define "Passenger Service" as "any air service to or from the Airport for which seats are individually offered or sold to the public *or a segment of the public, regardless* of whether such individual seats are offered or sold directly by the aircraft operator, a charterer, another Airline, or any other entity." WEST. CTY. CODE § 712.462(2)(j) (emphasis added).

    <u>In short, any service that involves aircraft of more than nine seats and individual seat sales to any segment of the public must operate from the Terminal pursuant to a Terminal Use Agreement.</u>

    We understand your contention that the seat purchases for this proposed service will only be available to members of a private club. However, a private club in which otherwise unrelated persons purchase individual seats is a segment of the public, particularly when operated as Public Charter flights, no matter how restrictive the club's membership might be. Moreover, the word "regardless" as set forth in the TUP and quoted above clearly evinces an intent by the County Legislature to apply that phrase broadly. This is consistent with the County's grant

Anastasija Snicarenko, Esq.             2             November 5, 2021

assurance obligations given that this same standard has been applied in the past to commuter airlines providing service at HPN.

Because the new flight service that XO and JetSmarter propose must be considered "Passenger Service" under the duly enacted Westchester County Code, it can only be provided at the HPN Terminal, and may not be operated to and from a FBO. Please note that we are in the process of notifying all of the FBOs as to these requirements to ensure that they are applied uniformly and consistently.

This service may be conducted from the Terminal based upon entering into a Terminal Use Agreement (a "TUA") provided that the service meets all the requirements of the County Code. If a TUA can be entered into during the 2021 calendar year, then the operator can participate in the January 2022 ramp allocation procedure. If you wish to operate prior to that time, we can also potentially help to obtain interim ramp allocations from either other Terminal operators, or possibly through a special lottery, so as to allow the commencement of service.

Finally, and most urgently, it has recently come to our attention that XO is currently offering for sale individual seats on aircraft configured with more than nine seats on flights operated from one or more FBO at HPN. As an example we note a flight from HPN to Palm Beach offered in a 16-seat aircraft departing on November 12th and not operating from the Terminal. The pricing for this flight offered on the XO website allows any member of the public to book a seat and pay a $395 "non-member fee." Similar flights are offered from HPN to Los Angeles, Oakland and London. These flights are in clear violation of the TUP / County Ordinance and undercut your assertions that these services are prospective in nature and offered exclusively to members of a private club. XO must discontinue these non-compliant services immediately and arrange to move its operations to the Terminal pursuant to a TUA as set forth above.

You may contact me with any questions at (914) 995-4887.

Sincerely,

SF for Peter Scherrer
Peter Scherrer,
Airport Manager

cc (via e-mail): Joan McDonald - Director of Operations
Hugh J. Greechan, Jr., P. E. - Commissioner of Public Works & Transportation
John Nonna - County Attorney

# AVPORTS

Westchester County Airport
240 Airport Road
Suite 202
White Plains, NY 10604

914.995.4856
www.avports.com

VIA CERTIFIED MAIL

November 9, 2021

Melissa Tomkiel
President
Blade Urban Air Mobility, Inc.
31 Hudson Yards, 11th Floor
New York, NY 10001

Dear Ms. Tomkiel:

It has come to our attention that Blade, together with a third-party operator, is providing passenger service out of the Westchester County Airport (HPN) utilizing aircraft in excess of nine seats.

As required by the Westchester County Code and following review with the relevant County officials and the County's outside aviation counsel, such service *must* be conducted at the Terminal and cannot be conducted at a FBO. Section 712.462(j) of the Westchester County Code, which sets forth the Westchester County Airport Terminal Use Procedures ("TUP"), states that "Passenger Service" must be conducted at the Terminal. "Passenger Service" is defined as "any air service to or from the Airport for which seats are individually offered or sold to the public or a segment of the public, regardless of whether such individual seats are offered or sold directly by the aircraft operator, a charterer, another Airline, or any other entity." WEST. CTY. CODE § 712.462(2)(j).

**In short, any service that involves aircraft of more than nine seats and individual seat sales to any segment of the public must operate from the Terminal pursuant to a Terminal Use Agreement.**

To the extent Blade's services are only offered to members of a private club, please note that a private club in which otherwise unrelated persons purchase individual seats is a segment of the public for purposes of the above-cited law, particularly when operated as Public Charter flights, no matter how restrictive the club's membership might be. Moreover, the word

COW-00008153

Ms. Melissa Tomkiel             2            November 9, 2021

"regardless" as set forth in the TUP and quoted above clearly evinces an intent by the County Legislature to apply that phrase broadly. This is consistent with the County's grant assurance obligations given that this same standard has been applied in the past to commuter airlines providing service at HPN.

Because Blade's flight service out of HPN must be considered "Passenger Service" under the duly enacted Westchester County Code, it can only be provided at the HPN Terminal, and may not be operated to and from a FBO. Please note that we are in the process of notifying all of the FBOs as to these requirements to ensure that they are applied uniformly and consistently.

This service may be conducted from the Terminal based upon entering into a Terminal Use Agreement (a "TUA") provided that the service meets all the requirements of the County Code. If a TUA can be entered into during the 2021 calendar year, then the operator can participate in the January 2022 ramp allocation procedure. If you wish to operate prior to that time, we can also potentially help to obtain interim ramp allocations from either other Terminal operators, or possibly through a special lottery, so as to allow the commencement of service.

You may contact me with any questions at (914) 995-4887.

Sincerely,

Peter Scherrer
Airport Manager

cc (via e-mail):  Joan McDonald, Director of Operations
                  Hugh J. Greechan, Jr., P. E., Commissioner of Public Works & Transportation
                  John Nonna, County Attorney

# AVPORTS

Westchester County Airport
240 Airport Road
Suite 202
White Plains, NY 10604

914.995.4856
www.avports.com

November 9, 2021

To: Benjamin Sanzone
General Manager
Signature Flight Support

From: Peter Scherrer
Airport Manager

Re: Airlines Operating from FBOs

    I am writing to you in connection with certain companies classified as Airlines that have sought to conduct flight operations from Fixed Base Operators ("FBOs") at Westchester County Airport ("Airport"). In 2004, the County Board of Legislators enacted Section 712.462 of the Westchester County Code to establish the Westchester County Airport Terminal Use Procedures to codify existing limitations on commercial air service at the Airport. These procedures are also contained in the Westchester County Airport Terminal Use Agreement ("TUA") and the Rules and Regulations for the Westchester County Airport (copy attached).

    Under the Terminal Use Procedures, all Airlines providing Passenger Service must operate from the Airport's Terminal building and participate in a quarterly lottery for ramp allocation. An Airline is defined as "any person providing Passenger Service in aircraft designed for more than nine (9) passenger seats, including but not limited to, any air carrier or other operator certificated to provide Passenger Service under Parts 119, 121 or 135 of the Federal Aviation Regulations". Passenger Service is defined as "any air service to or from the Airport for which seats are individually offered or sold to the public or a segment of the public, regardless of whether such individual seats are offered or sold directly by the aircraft operator, a charterer, another Airline, or any other entity".

    It is the County's position that such a company is an Airline providing Passenger Service when it is selling single seats to the public or a segment of the public for aircraft designed for more than nine (9) passenger seats. Therefore, pursuant to the Westchester County Code such an entity is required to enter into a TUA, to operate under the Terminal Use Procedures, and only from the Terminal, not from a FBO.

Benjamin Sanzone            2            November 9, 2021

    Please refer to Sections 6.4 and 10.1 of Signature Flight Support's lease agreement with the County wherein Signature Flight Support agreed to comply with all Federal, State and local laws, rules and regulations. Furthermore, Section 10.1 clearly states the "County reserves the right to deny access to the Airport and its facilities to any person, firm or corporation that fails or refuses to obey and comply with such rules, regulations or laws".

    If you have any questions or need any additional information, please contact me at (914) 995-4856.

cc:    Joan McDonald, Director of Operations
       Hugh J. Greechan, Jr., P.E., Commissioner of Public Works and Transportation
       John M. Nonna, County Attorney

Attachment

# AVP☉RTS

Westchester County Airport
240 Airport Road
Suite 202
White Plains, NY 10604

914.995.4856
www.avports.com

November 9, 2021

To:   Eric A. Faulkner
      Vice President & General Manager
      HPN NY Holdings, LLC d/b/a Ross Aviation

From: Peter Scherrer
      Airport Manager

Re:   Airlines Operating from FBOs

I am writing to you in connection with certain companies classified as Airlines that have sought to conduct flight operations from Fixed Base Operators ("FBOs") at Westchester County Airport ("Airport"). In 2004, the County Board of Legislators enacted Section 712.462 of the Westchester County Code to establish the Westchester County Airport Terminal Use Procedures to codify existing limitations on commercial air service at the Airport. These procedures are also contained in the Westchester County Airport Terminal Use Agreement ("TUA") and the Rules and Regulations for the Westchester County Airport (copy attached).

Under the Terminal Use Procedures, all Airlines providing Passenger Service must operate from the Airport's Terminal building and participate in a quarterly lottery for ramp allocation. An Airline is defined as "any person providing Passenger Service in aircraft designed for more than nine (9) passenger seats, including but not limited to, any air carrier or other operator certificated to provide Passenger Service under Parts 119, 121 or 135 of the Federal Aviation Regulations". Passenger Service is defined as "any air service to or from the Airport for which seats are individually offered or sold to the public or a segment of the public, regardless of whether such individual seats are offered or sold directly by the aircraft operator, a charterer, another Airline, or any other entity".

It is the County's position that such a company is an Airline providing Passenger Service when it is selling single seats to the public or a segment of the public for aircraft designed for more than nine (9) passenger seats. Therefore, pursuant to the Westchester County Code such an entity is required to enter into a TUA, to operate under the Terminal Use Procedures, and only from the Terminal, not from a FBO.

Eric A. Faulkner                      2                      November 9, 2021

Please refer to Sections 6.4 and 10.1 of Ross Aviation's lease agreement with the County wherein Ross Aviation agreed to comply with all Federal, State and local laws, rules and regulations. Furthermore, Section 10.1 clearly states the "County reserves the right to deny access to the Airport and its facilities to any person, firm or corporation that fails or refuses to obey and comply with such rules, regulations or laws".

If you have any questions or need any additional information, please contact me at (914) 995-4856.

cc:    Joan McDonald, Director of Operations
       Hugh J. Greechan, Jr., P.E., Commissioner of Public Works and Transportation
       John M. Nonna, County Attorney

Attachment

# AVP◯RTS

Westchester County Airport
240 Airport Road
Suite 202
White Plains, NY 10604

914.995.4856
www.avports.com

November 9, 2021

To: Roger Woolsey
CEO
White Plains Aviation Partners, LLC

From: Peter Scherrer
Airport Manager

Re: Airlines Operating from FBOs

    I am writing to you in connection with certain companies classified as Airlines that have sought to conduct flight operations from Fixed Base Operators ("FBOs") at Westchester County Airport ("Airport"). In 2004, the County Board of Legislators enacted Section 712.462 of the Westchester County Code to establish the Westchester County Airport Terminal Use Procedures to codify existing limitations on commercial air service at the Airport. These procedures are also contained in the Westchester County Airport Terminal Use Agreement ("TUA") and the Rules and Regulations for the Westchester County Airport (copy attached).

    Under the Terminal Use Procedures, all Airlines providing Passenger Service must operate from the Airport's Terminal building and participate in a quarterly lottery for ramp allocation. An Airline is defined as "any person providing Passenger Service in aircraft designed for more than nine (9) passenger seats, including but not limited to, any air carrier or other operator certificated to provide Passenger Service under Parts 119, 121 or 135 of the Federal Aviation Regulations". Passenger Service is defined as "any air service to or from the Airport for which seats are individually offered or sold to the public or a segment of the public, regardless of whether such individual seats are offered or sold directly by the aircraft operator, a charterer, another Airline, or any other entity".

    It is the County's position that such a company is an Airline providing Passenger Service when it is selling single seats to the public or a segment of the public for aircraft designed for more than nine (9) passenger seats. Therefore, pursuant to the Westchester County Code such an entity is required to enter into a TUA, to operate under the Terminal Use Procedures, and only from the Terminal, not from a FBO.

COW-00008159

Roger Woolsey                  2                  November 9, 2021

Please refer to Sections 7.4 and 11.1 of Million Air's lease agreement with the County wherein Million Air agreed to comply with all Federal, State and local laws, rules and regulations. Furthermore, Section 11.1 clearly states the "County reserves the right to deny access to the Airport and its facilities to any person, firm or corporation that fails or refuses to obey and comply with such rules, regulations or laws".

If you have any questions or need any additional information, please contact me at (914) 995-4856.

cc:     White Plains Aviation Partners, LLC (Airport)
        White Plains Aviation Partners, LLC (Houston, TX)
        Joan McDonald, Director of Operations
        Hugh J. Greechan, Jr., P.E., Commissioner of Public Works and Transportation
        John M. Nonna, County Attorney

Attachment