UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC d/b/a JSX AIR and JETSUITEX, INC.; XO GLOBAL, LLC; and BLADE URBAN AIR MOBILITY, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> COUNTY OF WESTCHESTER, <br><br> *Defendant*. | Civil Action No. 22-cv-01930 (PMH) |

**PLAINTIFFS' MOTION FOR A STAY,
OR IN THE ALTERNATIVE AN INJUNCTION PENDING APPEAL**

PLEASE TAKE NOTICE that upon the Memorandum of Law in Support of Plaintiffs' Motion for a Stay, or in the Alternative an Injunction Pending Appeal, dated July 19, 2024; the Declaration of Ken Edmondson, dated July 19, 2024; the declaration of Rajat Khurana, dated July 19, 2024; all exhibits attached to the aforementioned declarations; and all the papers and proceedings had or to be had herein, including all papers previously filed in this action, Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.; XO Global, LLC; and Blade Urban Air Mobility, Inc. (collectively "Plaintiffs") will and hereby do move, before the Honorable Philip M. Halpern, of the United States Court for the Southern District of New York, on a date and at a time and in a manner to be designated by the Court, for (1) a stay of the effectiveness of the Court's order pending resolution of the appellate process, (2) in the alternative, an order enjoining Defendant the County of Westchester (the "County") from enforcing Westchester County Municipal Code § 712.462 against Plaintiffs pending resolution of the appellate process, and (3) a temporary administrative stay.

Plaintiffs seek such relief on the bases that they will suffer irreparable harm if their appeal is ultimately successful, as they will be forced to cease their operations out of the Westchester County Airport (the "Airport") in the interim. There is at least a substantial possibility that the Second Circuit will disagree with this Court on the difficult and novel federal issues presented on appeal. And both the public interest and balance of the equities favor a stay or injunction. Countless non-party passengers will be harmed otherwise, as their planned travel will be disrupted by Plaintiffs' cancellation of flights once they are no longer able to operate out of the Airport. And the County—which has never enforced Westchester County Municipal Code § 712.462 against Plaintiffs and still does not seek to do so until October 31, 2024—stands to suffer no harm. Any stay or injunction would presumably be brief, as Plaintiffs intend to seek expedited briefing in the Second Circuit.

Plaintiffs have made great efforts to resolve informally the matters raised in this request. Through their counsel, the parties have met and conferred via email, letter, and telephone regarding various solutions. Unfortunately to date, the parties have been unable to achieve a resolution. The County has demanded that—by Monday, July 29—Plaintiffs commit to complying with Westchester County Municipal Code § 712.462 by October 31, 2024. Plaintiffs thus respectfully seek the assistance of this Court especially considering the irreparable harm that both Plaintiffs and the public will suffer without the requested stay or injunction.

Dated: July 19, 2024					Respectfully submitted.

							*/s/ Jonathan B. Nelson*
							Jonathan B. Nelson, Esq.
							Paul J. Noto, Esq.
							Christina L. Grimes, Esq.
							Dorf Nelson & Zauderer LLP
							555 Theodore Fremd Ave.
							Rye, New York 10580
							(914) 381-7600

							*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing to all counsel of record by filing same with the Court via CM/ECF on July 19, 2024, which will provide notice to all counsel.

>*/s/ Jonathan B. Nelson*
>Jonathan B. Nelson, Esq.