UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DELUX PUBLIC CHARTER, LLC, et al.,

                         Plaintiffs,

          -against-

COUNTY OF WESTCHESTER, et al.,

                        Defendants.
----------------------------------------------------------X

**ORDER**

22-CV-01930 (PMH)

PHILIP M. HALPERN, United States District Judge:

On July 1, 2024, this Court entered an Opinion and Order that, *inter alia*, granted summary judgment to Defendant dismissing Plaintiffs' Complaint, granted summary judgment to Plaintiffs dismissing Defendant's First Counterclaim, and declined to exercise supplemental jurisdiction over Defendant's Second Counterclaim. (Doc. 120).[1] Plaintiffs filed a notice of appeal on July 12, 2024 (Doc. 123) and on July 19, 2024, filed a motion to stay the Court's Opinion and Order pending appeal or alternatively, for an injunction pending appeal and/or a temporary administrative stay (Doc. 124).[2]

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case.[3]

Plaintiffs seek this relief because Defendant has demanded that by July 29, 2024, Plaintiffs commit to complying with the TUPs by October 31, 2024. "The standard in this circuit for a stay

---

[1] This decision is available on commercial databases. *Delux Pub. Charter, LLC v. Cnty. of Westchester, New York*, No. 22-CV-01930, 2024 WL 3252948 (S.D.N.Y. July 1, 2024).

[2] Plaintiffs do not specify in the Notice of Motion (Doc. 124) any rule or statute under which the motion is brought and the relief is sought, as required by Local Civil Rule 7.1(a).

[3] Unless otherwise indicated, defined terms have the same meanings and utilize the same format ascribed to them in the Opinion and Order.

or injunction pending appeal is (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994) (internal quotation marks omitted). "The 'probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay.'" *1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, 597 F. Supp. 3d 557, 570 (S.D.N.Y. 2022) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)). The probability of success on appeal and irreparable harm are "the two most critical factors." *Doe v. Trump Corp.*, No. 18-CV-09936, 2020 WL 2538400, at *6 (S.D.N.Y. May 18, 2020).

With respect to irreparable injury, Plaintiffs argue that in the absence of a stay or injunction, they will suffer irreparable harm if their appeal is ultimately successful, because Delux, JetSuiteX, and XO Global will be forced to cease their operations out of the Airport in the interim. (*See* Doc. 126, "Edmondson Decl." ¶¶ 49-51; Doc. 127, "Khurana Decl." ¶ 33).[4] They argue that will result in cancellation of hundreds of flights through March 2025, which will harm their reputation and goodwill, and require termination of contracts with local vendors. (Edmondson Decl. ¶¶ 51-52; Khurana Decl. ¶¶ 31-32, 41). Plaintiffs also contend that Defendant's enforcement of the TUPs violates their equal protection rights which constitutes a per se irreparable injury.

Plaintiffs fail to make the required showing of irreparable injury in the absence of the requested stay or injunction. First, the issue of whether the TUPs apply to Plaintiffs was not

---

[4] Blade provided written notice of its "intent to continue to comply with the TUPs" as it has not sold any scheduled, by-the-seat flights utilizing aircraft of more than 9 seats from HPN's FBOs since April 30, 2023 and continues to not sell any such flights. (Doc. 130-2). As such, no argument has been or could be made that Blade would suffer irreparable harm absent a stay.

determined in the Opinion and Order. This Court did not direct the enforcement of the TUPs against Plaintiffs—it simply determined that the 2005 Law is not preempted by the ADA or ANCA, such that there is no basis under those laws on which to enjoin Defendant from enforcing the TUPs; and that Plaintiffs failed to establish that the County violated their equal protection rights. (*See* Doc. 120). Other than the County, no one has determined that the TUPs apply to these Plaintiffs and in fact, this Court dismissed the First Counterclaim which arguably sought such a declaration. (*Id.*). Plaintiffs, by their instant motion, are seeking relief beyond the scope of that which is before this Court, without any authority or rule cited for the propriety of granting such relief.[5]

Second, and as a practical matter, Defendant's enforcement of the TUPs does not require Plaintiffs to cease operations out of the Airport or even to modify their operations if necessary until October 31, 2024. Rather, Plaintiffs could either operate out of the Airport in a manner that is exempt from the TUPs, like Blade, or utilize the Terminal in accordance with the TUPs. "[I]rreparable harm does not exist where alternatives are available to a movant, even if 'these alternatives are less convenient.'" *Convergen Energy WI, LLC v. L'Anse Warden Elec. Co., LLC*, No. 20-CV-05240, 2020 WL 5894079, at *5 (S.D.N.Y. Oct. 5, 2020) (quoting *Molloy v. Metro Transp. Auth.*, 94 F.3d 808, 813 (2d Cir. 1996)); *see also Jayaraj v. Scappin*i, 66 F.3d 36, 39 (2d Cir. 1995) (noting injuries such as expenditures of money, time, and energy, are not enough to warrant preliminary injunction). Plaintiffs have not demonstrated the sort of destruction to their business that could not be remedied by money damages in the event Plaintiffs were to ultimately

---

[5] Plaintiffs is reading into the Court's holding that because the TUPs are not preempted, the Court impliedly found that the TUPs apply to these Plaintiffs. The Court ruled on the arguments presented to it by the parties, as limited by the parties' narrowing of the claims and theories. (*See, e.g.,* Doc. 120 at 5-6). To the extent Plaintiffs take that holding concerning preemption as this Court authorizing or directing the County to enforce the TUPs against Plaintiffs, they are mistaken. The Court issued no such ruling in the Opinion and Order. The applicability of the TUPs to Plaintiffs can and should be the subject of a plenary action; and not a motion for a stay or injunction pending appeal of this Court's Opinion and Order here.

succeed on appeal. Indeed, Plaintiffs have not established that they would be put entirely out of business if they did cease operating at the Airport, as Plaintiffs appear to offer flights at airports other than HPN. (*See, e.g.,* Edmondson Decl. ¶ 19 ("JSX [Delux and JetSuiteX] is uniquely qualified to serve 4,500 public use airports that are not served by any major carriers and that do not have an airline terminal at all.")). With respect to Plaintiffs' argument concerning the presumption of irreparable injury arising from an allegation of a constitutional violation, "once the Court considers and concludes that the likelihood of success element has not been met, as it does here, the mere allegation of a constitutional violation is insufficient to establish irreparable harm." *Students for Fair Admissions v. United States Mil. Acad. at W. Point*, No. 23-CV-08262, 2024 WL 36026, at *12 (S.D.N.Y. Jan. 3, 2024). Accordingly, this factor weighs against issuance of a stay or injunction.

"Because allowing the Judgment to remain in effect pending appeal will not cause any serious irreparable harm, it would take a strong showing of likelihood of success in the circuit court to justify a stay or injunction." *United States v. New York City Bd. of Educ.*, 620 F. Supp. 2d 413, 417 (E.D.N.Y. 2009). Plaintiffs, in that regard, argue that they have presented "serious questions of federal law over which there is at least a substantial possibility the Second Circuit will disagree with the Court." (Doc. 125 at 15). Plaintiffs rehash certain arguments that were previously argued and rejected in the Court's Opinion and Order. They argue that if the 2005 Law is read to apply to them it reduces or limits their operations and therefore falls outside the scope of ANCA's grandfather clause. As the Court explained in careful detail in the Opinion and Order, however, that argument is not supported by the record, especially in light of the context of the issues as framed by Plaintiffs themselves. (*See* Doc. 120 at 10-13). Plaintiffs also argue that the Proprietor Exception to the ADA express preemption clause is narrowly applied to regulations of

noise and environmental concerns and not necessarily to regulations outside of those areas. However, as set forth in the Opinion and Order, that argument is not supported by the law in this Circuit. (*See id*. at 14-16). With respect to the equal protection claim, Plaintiffs misconstrue and cherry-pick from the Opinion and Order: the Court did not weigh credibility. It explained that Plaintiffs' denials in the Rule 56.1 Statement failed to create an issue of fact where they either did not actually respond to the stated fact or cited to evidence that, upon review, actually supported Defendant's stated fact. (Doc. 120 at 18-21 & n.8). The Court did not, as Plaintiffs argue, read the evidence to favor the County. This was not a choice "between two interpretations of the same evidence." (*Id*. at 19).

Plaintiffs also argue that there is at least a substantial possibility the Circuit will conclude that the 2005 Law is preempted by ANCA because there is "little direct guidance" about the scope of the grandfather clause (Doc. 125 at 17) and whether a regulation forcing an air carrier to operate out of a main terminal rather than an FBO is preempted by the ADA is a question of first impression in the Second Circuit (*id*. at 20). As to these arguments, Plaintiffs do not contend, nor could they, that Defendant lacks colorable arguments to present to the Circuit. The sheer possibility of a reversal—a possibility that exists in every appeal—is insufficient for the Court to find an injunction, stay, or administrative stay is necessary here. Indeed, that argument is a far cry from "a strong showing of likelihood of success in the circuit court to justify a stay or injunction." *Id*. Accordingly, this factor too weighs against issuance of a stay or injunction.

Plaintiffs further argue that issuance of the stay will not substantially injure Defendant because it went several years without taking any action to enforce the 2005 Law against Plaintiffs and therefore there is no "urgent need for the County to cancel Plaintiffs' popular services." (Doc. 132 at 7). Defendant does not appear to offer any argument to the contrary, except to maintain that

Plaintiffs' position is "merely laches with a different label" which this Court previously rejected. (Doc. 120 at 24). As Defendant has not identified an injury – let alone a substantial injury – that a stay or injunction would cause, this factor weighs in favor of Plaintiffs. As to the public interest, while the County has a proprietary right to regulate ground congestion, passenger safety, and allocate space at the Airport, weighing against issuance of a stay or injunction, the public also has an interest in the execution of air travel as planned, and canceling hundreds of flights through March 2025 would significantly disrupt that planned air travel.

Because at least the two most critical factors weigh against granting a stay, injunction, or administrative stay, the motion for a stay, injunction, and/or administrative stay pending appeal is DENIED.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 124).

Dated:  White Plains, New York
        July 25, 2024

SO ORDERED:

_____

Philip M. Halpern
United States District Judge